LAKE BIGLER ROAD CO., APPELLANT, *v.* THOMAS BED-FORD ET AL., RESPONDENT.

To file an answer to a complaint and then move for judgment on the pleadings is an irregular practice, and ought not to be encouraged.

If the complaint is defective, the proper mode to reach it is by demurrer; then, if the defect be amendable, the plaintiff has, as he ought to have, the opportunity to amend.

If however the complaint is fatally defective in not stating a cause of action, such a judgment must be sustained.

A bill to quiet title will not be sustained in favor of a party not in possession. So too a complaint for the recovery of possession of property will not be sustained where it shows on its face the pendency of another proceeding for the same purpose.

APPEAL from the District Court of the Second Judicial District, Hon. C. N. HARRIS, Judge of Third Judicial District, presiding.

The facts are fully stated in the opinion of the Court.

*R. M. Clarke,* for Appellant, made the following points :

The Court erred in giving judgment for defendants upon the pleadings.

The complaint states a good cause of action, and states it with sufficient certainty and formality.

Unless prohibited by law, a corporation may hold any property that a *natural* person can hold. (Angell & Ames on Corp. 65 ; 2 Kent, 277, 281 ; *New York Dry Dock* v. *Hecks,* 5 McLean, 114.)

The Court will presume, in the absence of proof, that the corporation took the road in the exercise of its legitimate functions. (3 Wend. 94; 16 Mass. 102; 7 Cow. 540; 5 McLean, 115.)

It was not necessary for the plaintiff to allege or prove that the road was required for the purposes of the corporation. This is presumed until the contrary appear. (5 McLean, 115; 15 Pick. 310; 16 Conn. 420; 19 John. 347; 11 John. 517.)

The plaintiff's corporate existence being admitted, it has, as a corporation, the right to purchase and hold the property in question.

First.—As the assignee of *Helm* under the Act of December 17th, 1862, granting the franchise.

Second.—As a common law corporation and common law right.

Third.—As a property required for the purposes of the corporation. (Sec. 4, Sub. 3, Act 1862, 163.)

The right of the corporation to hold the road and enjoy the franchise is not, under the pleadings, and cannot become between the parties the subject of legal inquiry.

The State alone, upon a direct proceeding upon information or *quo warranto*, can contest or question the plaintiff's right to exercise a public franchise. (*Natoma W. & M. Co.* v. *Clarkin*, 14 Cal. 552; 3 Rand. Va. 136; Ang. & Ames on Corp. Secs. 152–153.)

The defendants are *naked trespassers*, without even a color of right to take tolls or exercise the franchise. They do not claim to hold but two-fifths (2-5) interest in the road. And the title by which they claim to hold is void on its face. No interest in a franchise can be sold at judicial sale, and therefore the defendants acquired no interest by their purchase. (5 Cal. 470; 7 Ib. 286; 24 Ib. 474.)

*Geo. A. Nourse* and *Ellis & Sawyer*, for Respondents.

1. There is no statement on appeal in the case, consequently nothing is before this Court but the judgment roll. (4 Cal. 215, 244, 284; 8 Ib. 322; 10 Ib. 193, 481; 11 Ib. 340, 391; 12 Ib. 280; 15 Ib. 198; 20 Ib. 177; 25 Ib. 488; 27 Ib. 109.)

Lake Bigler Road Co. *v.* Bedford.

2. The judgment roll discloses no error. In the absence of anything to show error, it is presumed that the judgment of the Court below is correct. (2 Cal. 100 ; 3 Ib. 426 ; 5 Ib. 151, 321 ; 7 Ib. 292 ; 10 Ib. 50 ; 2 Nev. 55, 133, 271.)

Even if there were no *presumption* in favor of the judgment of the Court below, it must be sustained ; because the complaint states no cause of action in that—

The corporation plaintiff is alleged in the complaint (and the answer does not deny it) to be incorporated under the general Corporation Law of this State, passed in 1862, and amended in 1864.

No corporation can be incorporated under those laws except for the purposes therein specified, to wit : " Manufacturing, mining, milling, ditching, mechanical, chemical, building, and farming purposes." (Laws of 1862, p. 162, Sec. 1 ; Laws of 1864, p. 49, Sec. 1.)

Corporations incorporated under said Acts are only authorized thereby to " purchase, hold, sell, and convey such real and personal estate as the purposes of the corporation shall require." (Laws of 1862, p. 163, Sub. 3, Sec. 4.)

A corporation incorporated under said Acts, or similar Acts, have no powers except such as are granted them by the statutes under which they are incorporated. The *general* powers belonging to a corporation at common law, do not belong to a corporation incorporated under a special charter, or a general statute for the creation of corporations, when such special charter or general statute undertakes to specify the powers to be exercised by the corporations created thereunder or thereby. In such case the maxim applies in its fullest force, *expressio unius*, etc." (Angell & Ames on Corp., Sec. 111, and cases cited.)

A toll road franchise, toll road and toll house, (such as this suit is brought to recover possession of) cannot be " such real or personal estate as the purposes of such a corporation shall require."

Even had the plaintiff shown by the other allegations of the complaint a *prima facie* cause of action, it has, by its narrative of the alleged proceedings upon the same subject matter in the Court below in another proceeding, set up a full and complete defense to this action.

Opinion by BEATTY, C. J., LEWIS, J., concurring.

The complaint in this case alleges that the plaintiff is a corporation duly incorporated under the general incorporation laws of the State.

That Alfred Helm, in the month of December, A.D., 1862, obtained a legislative grant to himself and assignees of a certain toll-road franchise. In the spring of 1863 he assigned four-fifths of this franchise to certain associates, and they and he conveyed the whole to three certain trustees to be held in trust for the Lake Bigler Road Company.

Subsequent to this conveyance to the trustees, Rice and Helm (each of whom were grantors in this trust deed) mortgaged two-fifths of the franchise to Theodore Winters, to secure a debt due by themseves and others to him. This mortgage was foreclosed, the two-fifths sold, and by several mesne conveyances came into the hands of Martha A. Bedford, wife of Thomas J. Bedford. The complaint then goes on to recite the facts and circumstance of the order made on the defendants in the case of *Theodore Winters* v. *Alfred Helm* and others, to deliver the possession of the toll-road to Bedford, or show cause why it was not done, and the proceedings which took place under that order, the steps taken by the plaintiff to be restored, etc., all of which will more fully appear in the statement of the case just preceding this. It alleges that no title passed by the pretended sale in the foreclosure suit of *Winter* v. *Helm* and others ; that the Bedfords had appealed from the order restoring the Lake Bigler Road Company to the possession of the road ; that they were collecting the tolls, letting the road go to waste for the want of repairs, etc.

The complaint first prays for a judgment to quiet title ; second, for judgment for possession ; and third, for the appointment of a receiver.

The defendants first filed an answer admitting some of the allegations of the complaint and denying others, and then without interposing a demurrer, moved the Court for judgment for the defendants on the pleadings.

In the written notice or statement which is filed, the ground

taken is substantially that the complaint does not show that the plaintiff is a corporation capable of holding a road franchise.

This motion was sustained by the Court below and the plaintiff appeals.

This was an irregular practice, and if we sustain the judgment in this case it is only because it is clear that the complaint fails to state facts sufficient to constitute a present cause of action.

If a complaint is defective the proper practice is to demur to it, and if the demurrer is sustained, then either one of two things takes place : the plaintiff amends, if it be amendable ; if not, judgment goes against the plaintiff as a matter of course, and this either ends the case or brings it up fairly to this Court on the legal issue. But if an answer is put in and the Court gives judgment upon the pleadings, it either does or does not allow the answer to have some weight in deciding that question. If it does give any weight to the answer it is certainly wrong ; for the answer, so far as it denies matters stated in the complaint, puts these matters in issue.    So far as new matter is stated, that also is put in issue by operation of law, and the Court has no right to suppose before trial that any of those issues will be found against the plaintiff.    If on the other hand the Court acts solely on the allegations of the complaint, that should be done on demurrer, leaving the plaintiff the opportunity to amend if it be only defective in a matter that is amendable.    When a judgment is given against a plaintiff in this irregular way, if the complaint is clearly defective in not stating facts sufficient to constitute a cause of action, we will as a matter of necessity be compelled to sustain said judgment.    But if there be any doubt as to whether it does fail to state facts sufficient to constitute a cause of action, or only fails to state them with sufficient precision, we will be much inclined to resolve those doubts in favor of plaintiff, and to send the case back, with leave to amend the complaint without costs.

In this case, however, we see no chance for the appellant to amend.    As a bill to quiet title it was filed prematurely before plaintiff was restored to possession.    As a suit to recover possession it was unnecessary, as by their own showing they must be restored to possession under the order of Court in the case of *Winters* v. *Helm and others*.    For the appointment of a Receiver it

was not necessary. During the pendency of the appeal from the. order restoring the possession to the Lake Bigler Road Company, the Court could have appointed a Receiver to preserve the property without the bringing of this suit. (See Section 143 of our Practice Act.)

As the question is not properly before us, we express no opinion about the power of this corporation to take or hold a toll-road franchise.

Judgment of the Court below affirmed.

Having an interest in some of the matters at issue, JOHNSON, J., does not participate in the decision.