SPEEDWELL, The. See Case No. 30.

SPEEDWELL, The. See Case No. 10,252.

SPEER (CROUCH v.). See Case No. 3,438.

SPEER (HALL v.). See Case No. 5,947.

---

## Case No. 13,227.

SPEIGLE et al. v. MEREDITH et al.

[4 Biss. 120.] [1]

Circuit Court, D. Indiana. Jan., 1868.

PLEADING IN EQUITY — JURISDICTIONAL FACTS — TRUSTS—QUIETING TITLE.

1. A naked power or trust must be strictly construed.

2. A conveyance of land in consideration of coupon bonds is a sale of the land. Such a sale by a trustee empowered to sell the land may be valid, though it is not a sale for money.

3. Where a bill charged that the complainants are the legal owners of lands of which the defendants have forcibly taken possession under a false and fictitious claim of title, but giving no intimation of the nature of the fictitious title, the bill is bad for want of equity on its face. The remedy in such a case is an action at law.

4. A bill in equity in this court must distinctly state the citizenship of every necessary party to it, and show that the complainants and defendants are citizens of different states. And if it fails to do this, it will be bad on demurrer; and any decree on it in favor of the complainants would be liable to reversal in the supreme

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

court. No appearance, demurrer, or answer to such a bill will waive this omission in it.

[Cited in Tug River Coal & Salt Co. v. Brigel, 14 C. C. A. 577, 67 Fed. 628.]

In equity.

R. M. Corwin, for complainants.
March & Gordon, for defendants.

McDONALD, District Judge. This is a bill to quiet title. It states that George C. Speigle and John N. Stoockle, the complainants, are citizens of Ohio; that Solomon Meredith and Ira Jarrett, two of the defendants, are citizens of the state of Indiana; and that the residence of four other defendants, to wit: William A. Johnson, Martha V. Johnson, Thomas Ray, and Elizabeth Siver, is unknown. The bill also makes the Cincinnati and Chicago Railroad Company—an Indiana corporation—a defendant.

The bill charges that said railroad company, in May, 1854, had occasion to borrow $150,000, to effect which the company issued that amount of coupon bonds payable to bearer in five years with ten per cent. interest; and that to secure their payment, the company executed a deed of trust to the defendant Meredith, and one William Butler, now deceased, on certain Indiana lands, in the nature of a mortgage.

The bill further charges that the deed of trust embodied a provision to the effect that whenever the railroad company should wish to make sale of any part of said lands, and should secure and surrender to the trustees to be canceled an amount of said coupon bonds equal to the appraised value of the land so wished to be sold, then the trustees should execute a conveyance for the same to such persons as the company should designate; and that in case of the death of either of the trustees, the survivor should make such conveyance.

The bill also charges that on the 27th of July, 1866, and after the death of the trustee, Butler, the complainants were the holders and owners of $10,500, of said coupon bonds; that on demand by them of payment, the company failed to pay these bonds for want of funds; that thereupon, the company offered to sell 160 acres of said lands for said bonds, which offer the complainants accepted, and agreed to take the land at its appraised value as provided in the deed of trust; and that accordingly the coupon bonds so held by them were delivered to the trustee, Meredith, to be canceled, and he thereupon conveyed said 160 acres of land to them.

After making these allegations, the bill proceeds to say that the defendants, Ira Jarrett, William A. Johnson, Martha V. Johnson, Thomas Ray, and Elizabeth Siver, contriving to injure the complainants, &c., claim to hold said 160 acres of land by some pretended title from said railroad company, which is false and fictitious, and, if made at all, was made without sufficient warrant of law or other authority, and in contravention of the rights of the complainants; and that said last named defendants have forcibly taken possession of said land, and wrongfully, unlawfully, and to the great detriment of the complainants, prevent them from enjoying it, and have refused to them the possession of it though often demanded and requested to give up the possession of the land, &c.

The bill prays for the quieting of the title, the cancellation of the defendants' pretended title papers, and the surrender of the possession to them.

The defendants, Jarrett, Ray, William Johnson, and Elizabeth Siver have demurred to the bill, on the ground that "said complainants have not, by their said bill, made such a case as gives the court jurisdiction of the same, or entitles them in a court of equity to any discovery," or to any relief in equity whatever.

Whether this demurrer ought to be sustained, is the question to be decided.

1. In support of the demurrer, it is objected that, on the face of the bill, the conveyance of the 160 acre tract of land is void. This objection is founded in the provision in the trust deed, already noticed, that the trustee could convey the land when the railroad company wished to "sell" it; that the power to convey was a naked power dependent on that precedent condition; that such a power must be literally followed and strictly construed; that the condition must be interpreted to mean a sale for cash in hand; and that the transaction stated in the bill was not a sale for cash, but a mere barter or exchange.

There can be no doubt that a naked power or trust must be literally followed and strictly construed. Hill, Trustees, 478; Williams v. Peyton's Lessee, 4 Wheat. [17 U. S.] 77. But I think that, on the face of the bill, the condition, on which the trustee might, according to the deed of trust, make the conveyance, was strictly and literally followed. A sale of lands does not necessarily suppose a sale for cash. The term barter is not applied to contracts concerning land, but to such only as relate to goods and chattels. Barter is "a contract by which the parties exchange goods." Bouv. Law Dict. This transaction, therefore, was not a barter.

Now was the transaction an exchange? This term, as applied to lands, "is a mutual grant of equal interests"—"as a fee simple for a fee simple, a lease of twenty years for a lease of twenty years, and the like." 2 Bl. Comm. 323. An exchange is a transfer of lands for lands. This, therefore, was not an exchange; for it was a transfer of lands for coupon bonds.

There can be no doubt that a conveyance of lands in consideration of personal property or choses in action, is strictly and literally a sale. If A convey his farm to B in consideration of a stock of goods, that is unquestionably a sale of the farm; and it is equally so, if the consideration be public stocks, or corporation bonds. There is nothing in this objection.

2. In support of the demurrer, it is con-

tended that, on the face of the bill, the complainants have a complete remedy at law; and that, therefore, there is no equity jurisdiction. The bill shows that the legal title to the land in question is in the complainants. It charges that the defendants who demur have forcibly taken possession of the land, and wrongfully and unlawfully hold it against the rights of the complainants, under a false and fictitious claim of title from the railroad company. It does not in any way describe this title, nor even show that it is in writing. According to the allegations, it is really no title at all—certainly none that would be a defense in an action of ejectment. If the facts stated in the bill are true, these defendants are mere trespassers. And the question is, will a bill in equity lie against such trespassers merely because they forcibly took possession of the land and hold it, as the bill states, under claim of some "false and fictitious" title?

Nothing can be better settled than the rule, that equity will not take jurisdiction in a case where the complainants have a plain and complete remedy at law. And this rule is expressly declared in the sixteenth section of the judiciary act [1 Stat. 82]. It is equally well settled that a court of equity will not entertain a bill where the title which the complainant seeks to enforce is a merely legal one, and presents no special ground for equitable relief. Hipp v. Babin, 19 How. [60 U. S.] 271.

But the solicitor for the complainants insists that this bill, besides setting up a legal title in them, does present special ground for equitable relief; and that this special ground is the false and pretended title claimed by the defendants. It can hardly be contended that every claim of a pretended title to land will entitle the legal owner of it to apply to equity for relief. Almost every intruder upon land pretends to some title; but it amounts to nothing, if it be false and fictitious, and if it be no defense to an action of ejectment by the legal owner. And in no such case will equity aid the holder of the legal title; for he has a plain and adequate remedy at law.

It is certainly unusual for the legal owner to sue a trespasser, who has turned him out of possession, in a court of equity, merely because the wrong-doer pretends that he has a title to the land. I doubt whether such a case can be found in the books. Perhaps a bill in equity might in such case be sustained, if it shows that the pretended title would be an obstruction to the recovery in an action of ejectment. But, from anything stated in the bill, it cannot be concluded that the defendants' "false and pretended" title would be any obstruction whatever to the assertion of the complainants' rights in an action at law.

The complainants insist, however, that equity has jurisdiction to remove a cloud from a legal title; and that for this reason the bill in question is good. It is indeed true

that courts of equity often entertain jurisdiction of bills to remove clouds from legal titles. But, in such cases, the bill must show that there really is such a cloud, and that the aid of a court of equity is necessary to remove it. No such thing is shown by this bill. I repeat that, so far as its allegations are concerned, these defendants appear to be mere trespassers. And certainly the mere assertion of a trespasser in possession of lands that he has a title thereto, does not raise such a cloud on the legal title as to justify the interference of a court of equity.

But it is contended that in cases where a plaintiff has occasion to state the title of the defendant, the rules of pleading do not require it to be set out with particularity, because the plaintiff is not presumed to be informed of the particulars of the defendant's title. No doubt this is the rule in pleadings at common law; and the reason of it equally applies in equity pleading. But in the case of a bill to remove a cloud from a legal title, I think that the bill must show enough to indicate plainly what that cloud is; and if it consist of a deed of conveyance, it ought, at least, to show who are the parties to it, whether it is prior or subsequent to the complainant's deed, and such other facts as will fairly indicate that it is a serious obstruction to the complainant's rights. I think the bill shows no cloud whatever on the complainant's title.

3. There is still another fatal defect in this bill, not noticed in the arguments of counsel. The bill, as we have seen, makes Meredith and the railroad company parties. But it is clear they are not necessary parties; for if every allegation in the bill were true, no decree could go against them. The real parties to the case are Ira Jarrett, William A. Johnson, Martha V. Johnson, Thomas Ray, and Elizabeth Siver. The bill avers that Ira Jarrett is a citizen of Indiana. But, as to the four last-named defendants, there is no averment of citizenship whatever. On the contrary, it avers that their residence is unknown.

This is a case in which the jurisdiction of this court depends on the citizenship of the parties. In such a case, the citizenship of each party must be stated positively. And the statement must be in terms conformable with those of the constitution and the judiciary act conferring the jurisdiction. Bingham v. Cabot, 3 Dall. [3 U. S.] 3?2; Abercrombie v. Dupuis, 1 Cranch [5 U. S.] 343; Wood v. Wagnon, 2 Cranch [6 U. S.] 9; Capron v. Van Noorden, 2 Cranch [6 U. S.] 126; Winchester v. Jackson, 3 Cranch [7 U. S.] 514; Hope Insurance Co. v. Boardman, 5 Cranch [9 U. S.] 57; Sullivan v. Fulton Steamboat Co., 6 Wheat. [19 U. S.] 450; Breithaupt v. Bank of Georgia, 1 Pet. [26 U. S.] 238; Gassies v. Ballon, 16 Pet. [41 U. S.] 761.

It is true that the act of congress of Feb. 28, 1839 (5 Stat. 321), somewhat alters the rule laid down in the cases above cited, so

far as concerns cases where some of the defendants do not reside in the state where the suit is brought. But that alteration does not affect the present question. The rule undoubtedly still is that in every case in this court where its jurisdiction depends on the citizenship of the parties, the citizenship of every necessary party must be distinctly stated in the bill or declaration; and it must appear thereby that every necessary party is capable, so far as citizenship is concerned, of suing or being sued in this court.

Nor is this rule affected by the fact that Ira Jarrett, William A. Johnson, Thomas Ray, and Elizabeth Siver have appeared and demurred to this bill. In courts of general jurisdiction, an appearance and demurrer commonly give jurisdiction over the person so appearing and demurring. But it is not so in the national courts, all of which are courts of limited jurisdiction. Even after a plea in bar has been filed, the defendant may withdraw it, and plead to the jurisdiction. Eberly v. Moore, 24 How. [65 U. S.] 147. And no consent of parties, in such a case as this, can give us jurisdiction. Ballance v. Forsyth, 21 How. [62 U. S.] 389.

If without objection to the jurisdiction, this cause should proceed to final hearing and decree for the complainants, the decree would be erroneous, and might be reversed. McCormick v. Sullivant, 10 Wheat. [23 U. S.] 192.

Nothing, therefore, but a statement in the pleadings of the citizenship of four of these defendants, can give us jurisdiction over them. And as the charge against all the defendants against whom under this bill any decree could possibly be rendered, is that of a joint and wrongful trespass and possession under a joint false and fictitious claim of title under the railroad company, jurisdiction of the case as against Jarrett alone, who is alleged to be a citizen of Indiana, could not, in my opinion, be taken for the want of the proper and necessary parties.

Unless, therefore, the complainants take leave to amend their bill, it will be dismissed without prejudice.

The complainants amended the bill.

NOTE. The general rule is that the power must be strictly executed. Perry, Trusts, § 254. A party out of possession has no right to resort to equity to remove cloud on title. Herrington v. Williams, 31 Tex. 448; Polk v. Pendleton, 31 Md. 118; Barron v. Robbins, 22 Mich. 35; Lake Bigler Road Co. v. Bedford, 3 Nev. 399; Branch v. Mitchell, 24 Ark. 431. Contra that he has: Almony v. Hicks, 3 Head, 39. One in possession may maintain a bill against one out of possession to remove cloud of deed valid on its face, where extrinsic facts must be shown to establish its invalidity. Crooke v. Andrews, 40 N. Y. (1 Hand) 547; Newell v. Wheeler, 48 N. Y. 486; Reed v. Tyler, 56 Ill. 288; Gage v. Rohbrach, 57 Ill. 262; Gage v. Billings, 56 Ill. 268. But there is no cloud where defect is apparent on face, or must appear upon attempt to prove title under it. Overing v. Foote, 43 N. Y. (4 Hand) 290; and Meloy v. Dougherty, 16 Wis. 269.