## TUG RIVER COAL & SALT CO. v. BRIGEL et al.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1895.)

### No. 249.

1. FEDERAL COURTS—JURISDICTION—ALLEGATION OF CITIZENSHIP.

An allegation that the citizenship of a party or parties is unknown is insufficient to sustain the jurisdiction of the federal courts, as the requisite citizenship must distinctly appear.

2. SAME.

An allegation as to the residence or place of business of a party is not equivalent to an averment of citizenship, for the purposes of jurisdiction in the federal courts.

3. SAME—CITIZENSHIP—NECESSARY PARTIES.

Where a bill to foreclose a mortgage makes judgment creditors and all persons interested in the property parties defendant, the object being to sell a perfect title by cutting off all adverse rights and liens, and to settle all questions of priority in the proceeds of sale, all parties defendant are necessary parties, and, if any of them are citizens of the same state with any of complainants, the controversy is not wholly between citizens of different states.

4. SAME—JURISDICTION.

Act March 3, 1875, providing that if an absent defendant does not appear within a time limited after substituted service, as provided by the act, the court may entertain jurisdiction of the suit in the same manner as if the absent defendant had been served within the district, simply allows substituted service in certain cases where the court has jurisdiction, and does not purport to change or modify the law as to jurisdiction.

5. COSTS—REVERSAL FOR WANT OF JURISDICTION.

A judgment was reversed on the sole ground that the federal courts had no jurisdiction, which point was raised for the first time on appeal. *Held*, that appellant must recover costs in the lower court, but that the costs of appeal should be equally divided.

Appeal from the Circuit Court of the United States for the District of Kentucky.

In Equity. Bill by Leo. A. Brigel and Logan C. Murray, trustees, against the Tug River Coal & Salt Company and others, to foreclose a mortgage and for further relief. There was a decree for complainants, and the Tug River Coal & Salt Company appealed.

Thomas F. Hargis (Baxter & Hutcheson, of counsel), for appellant.
Hollister & Hollister and Walter A. De Camp, for appellees.

Before LURTON, Circuit Judge, and SEVERENS and CLARK, District Judges.

CLARK, District Judge. This case is now before the court on a question of jurisdiction only, raised for the first time in this court on motion of appellant. The suit is brought to foreclose a mortgage executed by the Tug River Coal & Salt Company to Leo. A. Brigel, Logan C. Murray, and William C. Ireland, as trustees, to secure payment of bonds issued and sold by said company, amounting in the aggregate to $30,000 besides accrued interest. The mortgage conveys a tract of land embracing about 20,000 acres, known as the "Warfield Estate," with all improvements. Beyond the mortgage debt there were judgments and other claims against

v.67F.no.6—40

the company amounting to a large sum. The relief asked is fore-
closure of the mortgage and sale of premises, and other equitable
relief, as will appear further on. The question involves the orig-
inal jurisdiction of the circuit court of the United States for the
district of Kentucky, in which the suit was brought. This ques-
tion alone being now considered, it is only necessary to refer to so
much of the record as presents this issue and is material to its de-
cision. The case is one where jurisdiction depends on diverse citi-
zenship of the parties. The caption of the bill, with the allegations
as to citizenship, the objects of the suit, and relief sought, are given
just as made, as follows:

                    "Bill of Complaint.

"Leo. A. Brigel and Logan C. Murray, Trustees, Complainants, vs. The, Tug
River Coal and Salt Company, a corporation created by and existing under
the laws of the state of Kentucky; Kentucky & Cincinnati Natural Gas &
Fuel Company, a corporation created by and existing under the laws of
the state of Kentucky; James D. Barrett, Leo. A. Brigel, A. Lee Barrett,
E. G. Piper, John B. Wellman, Lane & Bodley, Nordyeke, Harmon & Com-
pany, Gale Brothers, A. H. Hogan, John Mead, Levi A. Ault, and Frank B.
Wiborg, Defendants. Bill in chancery to foreclose a mortgage on real es-
tate, for the appointment of a receiver, and for an injunction and equitable
relief.

"To the Honorable, the Judges of the Circuit Court of the United States
within and for the District of Kentucky: Your orators, Leo. A. Brigel and
Logan C. Murray, humbly complaining, represent unto your honors: (1) That
the said Leo. A. Brigel is a citizen of the state of Ohio, and resides in the
city of Cincinnati. That Logan C. Murray is a citizen of the state of New
York, and resides in the city of New York. That the defendants the Tug
River Coal and Salt Company and Cincinnati Natural Gas & Fuel Company
are corporations created by and existing under the laws of the state of
Kentucky, and are citizens of the state of Kentucky. That the said James
D. Barrett is a citizen of the state of Kentucky, and resides in Martin county.
That the Christian names of A. Lee Barrett, E. G. Piper, and A. H. Hogan
are unknown to complainants, nor do the complainants know the respective
residences or places of business of said E. G. Piper, A. H. Hogan, John
Mead, and John B. Wellman. That they are ignorant also of the names of
the constituent members of the respective firms of Lane & Bodley, Nor-
dyeke, Harmon & Company, and Gale Brothers, and do not know the citizen-
ship of their respective constituent members, nor their places of business,
excepting that Lane & Bodley is a partnership doing business in the city of
Cincinnati, state of Ohio; that Levi A. Ault and Frank B. Wiborg are citizens
of the state of Ohio, both residing in Hamilton county, in that state; that
Leo. A. Brigel is a citizen of the state of Ohio, and resides in the city of Cin-
cinnati; and that A. Lee Barrett is a citizen of the state of Kentucky, and
resides in Martin county, in that state. That all of said parties defendants
claim some interest in the land, the subject-matter of this suit, and are made
parties defendant hereto in order that, after answering fully the allegations
in this bill of complaint contained, they may severally be required to set up
such claim as they may respectively have, to the end that, under the sale
hereinafter prayed, a good title to the lands described herein may be given
to the purchaser, and, all parties being before the court, their respective
rights, if any, may be passed upon in one suit, agreeably to the usages and
practice of courts of equity. * * * (4) That the said mortgage be fore-
closed. That the equity of redemption of the said the Tug River Coal and
Salt Company in said property be forever barred and cut off. That an ap-
praisement of the said property be made in conformity with the laws of the
state of Kentucky, and that on a day to be fixed by the court the said real
estate and property be sold in accordance with the terms of said deed of
trust or mortgage, and that out of the proceeds thereof there be paid: First,
the costs and expenses of this suit, including a reasonable compensation to
the said trustees and their counsel; second, the coupons and interest due

upon said bonds; third, the bonds themselves, pro rata; fourth, to such other lien holders as may establish their claims and liens in this cause in the order of their respective priorities; and, fifth, the balance, if any, to said the Tug River Coal and Salt Company or its assigns. (5) And for all other and further orders which to your honors may seem meet, and for all other relief to which your orators may be entitled in equity and good conscience, and under the laws and practice of Kentucky, and under the circumstances of the case; and your orators will ever pray."

It does not admit of question that the defendants are proper and material parties to a bill framed as this is, making the charges and asking the relief which it does. The object is to sell a perfect title, cut off and extinguish all adverse rights or liens, including the judgment creditors' right to redeem, and to settle all questions of priority in the proceeds of sale. Subpoena was served on some of the defendants. Substituted service was had on Piper, Lane & Bodley, Ault, and Wiborg as nonresidents of the district. Others appeared, and no action was taken as to part of the defendants. The suit was dismissed as to Mead and the Gas Company. It does not appear distinctly what the claim of Ault and Wiborg was, beyond the fact that at one time they were holders of some past-due coupons secured by the mortgage. J. D. Barrett, Brigel, and Piper filed petitions in the case, setting up claims as creditors, Brigel and Piper by judgment, and parts of the claims of Brigel and Barrett are for taxes paid for the company, and Brigel's claim was allowed priority over the bonds to the extent of the taxes. The other defendants, except A. Lee Barrett, are shown by the report of the special master to be judgment creditors, with liens on the real estate from the date of judgment. It appears in the record proper that Piper and Lane & Bodley were citizens of Ohio, the latter answering as the Lane & Bodley Company, a corporation of that state. The citizenship of the other defendants alleged to be unknown to complainant does not appear in the record. Their claims were presented to the master, and allowed, doubtless, on copies of the judgments. While not filed as a creditors' bill, formally, the case was so treated, with the usual reference, report, and decree ordering sale, and the case comes to this court by appeal.

The complainants' own statement of their case shows that some of the parties defendant, namely, Leo. A. Brigel, Ault, and Wiborg, are citizens of the same state with Brigel, one of the complainants, and that the citizenship of other defendants is unknown, and the question of jurisdiction is thus presented in two aspects. For the purpose of this question Brigel, sued as defendant in his individual right in a bill brought in his right as trustee, occupies the same position as if sued by another person in that right. The jurisdiction depending on diversity of citizenship alone, this must distinctly and affirmatively appear in the record proper. Horne v. George H. Hammond Co., 155 U. S. 393, 15 Sup. Ct. 167; Wolfe v. Insurance Co., 148 U. S. 389, 13 Sup. Ct. 602; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873; Everhart v. College, 120 U. S. 223, 7 Sup. Ct. 555; Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. 207. In Wolfe v. Insurance Co., Mr. Chief Justice Fuller, delivering the opinion, says:

"It is essential, in cases where the jurisdiction depends upon the citizenship of the parties, that such citizenship, or the facts which in legal intendment

constitute it, should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record. It is not sufficient that jurisdiction may be inferred argumentatively from the averments."

And, as the controversy must be one wholly between citizens of different states, each party plaintiff must be competent to sue, and each defendant subject to suit. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303; Iron Co. v. Stone, 121 U. S. 631, 7 Sup. Ct. 1010; Coal Co. v. Blachford, 11 Wall. 172. In the last-named case the court, through Mr. Justice Field, said:

"In other words, if there are several coplaintiffs, the intention of the act is that each plaintiff must be competent to sue, and, if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."

Recent decisions of this court are to the same effect. Shipp v. Williams, 10 C. C. A. 247, note, 62 Fed. 4; Pittsburgh, C. & St. L. Ry. Co. v. Baltimore & O. R. Co., 10 C. C. A. 20, 62 Fed. 705. In the last case cited, Judge Lurton, speaking for the court, said:

"The very late case of Wilson v. Oswego Tp., 14 Sup. Ct. 259, is a case much in point. There federal jurisdiction was held to be defeated as to a defendant whom the court thought an unnecessary party to the relief sought by the complainant, yet a proper party because of its interest in the controversy. We are clearly of opinion that, while the Central Ohio was not a necessary party to the accounting between the Baltimore & Ohio Railroad Company and the Pittsburgh, Cincinnati & St. Louis Railway Company, yet it was, in view of its interest in the issues arising upon that account, a proper party."

So, where the object of the suit is to recover possession of property, real and personal, parties in possession, although as stakeholders, claiming no interest, are not formal, but indispensable, parties. Massachusetts & S. Const. Co. v. Cane Creek Tp., 155 U. S. 283, 15 Sup. Ct. 91, following Wilson v. Oswego Tp., 151 U. S. 56, 14 Sup. Ct. 259.

And the same rule was applied in Wetherby v. Stinson, 10 C. C. A. 243, 62 Fed. 173. This is a case, therefore, where it affirmatively appears from complainants' bill that the court is without juisdiction. The rule being that the requisite citizenship to sustain jurisdiction of the federal courts must distinctly appear, it follows necessarily that a suit of this character cannot be maintained in the courts of the United States upon an allegation that the citizenship of the party or parties is unknown. In such case nothing appears, and there is clearly a lack of jurisdiction, and it is in effect so held. Conwell v. White Water V. C. Co., 6 Fed. Cas. 372, 4 Biss. 195; Speigle v. Meredith, 4 Biss. 120, Fed. Cas. No. 13,227.

The particular allegation as to Piper, Hogan, Mead, and Wellman is that their "residence or place of business" is unknown. Citizenship is probably meant, notwithstanding it is established that the terms are not synonymous, and that an averment of residence is not the equivalent of an averment of citizenship for the purposes of jurisdiction in the courts of the United States. Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966; Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. 207. Strictly, therefore, no allegation is made as to the citizenship of the parties just named. It is insisted by appellees that the trustees on one side, and the Tug River Coal & Salt Company, the mortgagor, on the other, are the only necessary parties,

and that the presence of the other parties does not defeat jurisdiction. In view of what has been said as to the object of the suit, and the relief asked, we think this position is wholly untenable. The question of necessary parties is not determined by any designation of the bill as a foreclosure, or vendors' bill, etc., but upon the object stated and relief sought in the particular case. Within certain limits this may be restricted, or enlarged, as complainants may choose. If the bill had been for foreclosure merely, and against the mortgagor company, although brought as a creditors' bill, the jurisdiction, having once attached, would not have been defeated by interventions by these parties for the purpose of litigating their claims. Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163; Hardenbergh v. Ray, 151 U. S. 112, 14 Sup. Ct. 305. This is what really happens generally in practice. The case here is very different. Section 8 of the act of March 3, 1875, has no bearing on the question as is supposed. The act simply allows substituted service in certain cases where the court has jurisdiction, and does not purport to change or modify the law as to jurisdiction, and it is to be borne in mind that the necessary citizenship is a constitutional, as well as statutory, requirement. Greeley v. Lowe, 155 U. S. 73, 15 Sup. Ct. 24.

It is urged that the defendant creditors may be arranged on the side with the trustees, their interest being the same. We have seen that exactly the character of interest claimed by Ault and Wiborg does not fully appear. There can be no doubt that, as the bill states the case, these parties are interested adversely to the trustees. This is the only reasonable construction of the bill; and whether this might be shown subsequently to be untrue, for the purpose of removing the jurisdictional objection, it is not necessary to decide. The bill asks that the right of redemption be cut off; that these defendants set up their claims and liens; that the court pass on all questions, so that the purchaser may obtain title free from all such claims; and (not mentioning other points) Leo. A. Brigel and J. D. Barrett set up claims, parts of which are for taxes paid, and which would be entitled to priority over the bonds. We think their interests are so far different and adverse as to prevent their being arranged as suggested. Moreover, conceding that such arrangement might be made, and we would have creditors, citizens of Kentucky, placed with complainants, and this would involve the case in the same difficulty that now exists.

Another and decisive reason against any such method of meeting the objection is that the citizenship of a number of the defendants is not known, and not disclosed by the record. It cannot be known whether placing such parties on the opposite side would tend to sustain or defeat jurisdiction. In any view, therefore, we are clearly of opinion that the circuit court never rightfully acquired jurisdiction of the case. Whether, with the case back in the circuit court, the complainant could amend and limit the relief to foreclosure, and the mortgagor as defendant, and thereby make a case within the jurisdiction of the circuit court, we are not called upon to decide. On reversal for want of jurisdiction, the general rule is to allow costs against the party improperly instituting or removing

the suit, for the reason that it was the duty of such party to place on record the facts necessary to sustain the jurisdiction of the court. Kellam v. Keith, 144 U. S. 568, 12 Sup. Ct. 922; Bradstreet Co. v. Higgins, 114 U. S. 263, 5 Sup. Ct. 880; Iron Co. v. Stone, 121 U. S. 631, 7 Sup. Ct. 1010; Horne v. George H. Hammond Co., 155 U. S. 393, 15 Sup. Ct. 167; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34. It was held, however, in Peper v. Fordyce, 119 U. S. 471, 7 Sup. Ct. 287 (citing Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, and Hancock v. Holbrook, 112 U. S. 229, 5 Sup. Ct. 115), that, "upon a reversal for want of jurisdiction in the circuit court, this court may make such order in respect to the costs of the appeal as justice and right shall seem to require." And in Wetherby v. Stinson, 10 C. C. A. 243, 62 Fed. 173, the circuit court of appeals reversed the decree for want of jurisdiction, and refused to allow costs, though the reason is not stated. In this case the record is voluminous. Appellant has had the entire record brought up and printed. Appellant made no objection to jurisdiction in the circuit court, and did not call the court's attention to lack of jurisdiction. While the defendant appellant must recover costs in the court below, we do not think it should be allowed full costs in this court. The costs of the appeal will be divided equally. Reversed, and the case remanded to the circuit court of the United States for the district of Kentucky, with instructions to dismiss the bill, unless, upon application for leave to amend the bill, leave to so amend it as to exhibit a case within the jurisdiction shall be granted by that court.