TRACY et al. v. MOREL et al.

(Circuit Court, D. Nebraska. August 4, 1898.)

1. REMOVAL OF CAUSES—TIME OF APPLICATION.

When a party not served enters a voluntary appearance, with a stipulation that he shall have a certain time to plead, an application for removal made within that time is made in time, although not within the statutory time for answering.

2. SAME—DIVERSE CITIZENSHIP.

It must affirmatively appear that the citizenship of all the defendants is diverse from that of all the plaintiffs; and, in an action in Nebraska by a citizen of Nebraska and a citizen of Tennessee, an allegation that one of the defendants is not a citizen of Nebraska, "but that his residence and citizenship are unknown," is insufficient.

3. SAME.

A cause is not removable on the ground that it is a controversy between citizens of a state and foreign citizens, when one of the defendants is a citizen of a state, although of a different state from that of plaintiff.

4. SAME—SEPARABLE CONTROVERSY.

An alien has no right to the removal of a cause on the ground of a separable controversy.

Barnes & Tyler, for plaintiffs.

Lohr, Gardner & Lohr, for defendants.

MUNGER, District Judge. This action was commenced in the district court for Dakota county on the 8th day of September, 1896, against Leon Grezaud, Benoit Grezaud, Joseph Beauvernois, Francis Jeandet, M. P. Ohlman, John Kellner, and John M. Severson, to quiet the title of plaintiffs to certain real estate therein described. Plaintiffs, in their petition, allege title in themselves through several mesne conveyances from the United States; that said lands were by the county treasurer of Dakota county sold for taxes due thereon, and a tax deed issued therefor; that said tax title is void because of certain irregularities in the proceedings leading up to the sale; that defendants "claim to have some interest in and to the said premises, but whatever interest, if any, the said defendants have in and to the said lands, is derived through and by virtue of the void tax deed heretofore mentioned"; that said real estate is unoccupied. The prayer of plaintiffs' petition is that the title of plaintiffs in and to the lands mentioned be quieted, confirmed, and adjudged to be in plaintiffs, and that the tax deed be decreed void; that the pretended rights, title, claims, and interests of the said defendants, and each of them, in and to said premises, be cut off, annulled, and held for naught. On the 12th of October, 1896, the defendant John M. Severson filed a general demurrer to plaintiffs' petition. The usual affidavit required by the Nebraska Code for service by publication upon the other defendants was filed, and notice was published; the answer day therein being May 31, 1897. On May 31, 1897, there was a stipulation filed that the defendant Leon Grezaud has died, leaving surviving him Fannie Grezaud, his widow, and Mme. Charles Emil Luc, and Jeanne Grezaud, children. Said stipulation provided for the entering by said heirs of their voluntary appearance in said case, and that the time to plead should be extended 60 days. July 28, 1897, the defendants Fannie Grezaud,

88 F.—51

Mme. Charles Emil Luc, Jeanne Grezaud, Benoit Grezaud, Joseph Beauvernois, and Francis Jeandet filed their petition and bond for a removal of the case into this court. In the petition for removal it is stated that M. M. Tracy, one of the plaintiffs, is, and was at the commencement of the action, a citizen of the state of Tennessee; that John J. Tracy is, and was at the commencement of the action, a citizen of the state of Nebraska; that the defendants petitioning for the removal are, and were at the time of the bringing the action, aliens, residents of the republic of France; the defendant M. E. Ohlman a citizen of the state of South Dakota; defendant John M. Severson a citizen of the state of Nebraska; and that the defendant John Kellner "is not a citizen of Nebraska, and does not reside in said state, but that his residence and citizenship are unknown." The present hearing is on plaintiffs' motion to remand. The only ground stated in the motion is that the application for removal was not made in time; that, the answer day fixed in the published notice of service being May 31st, the petition for removal, filed July 28th, was after the time for removal had expired.

Upon the question as to whether or not an extension of time to plead extends the time for removal, the authorities are not in harmony. This court, however, has held, following the decision of Judge Phillips in the case of Spangler v. Railroad Co., 42 Fed. 305, that the application for removal must be made at or before the time fixed by the statutes of the state to answer, and that an extension of time to answer, by stipulation of parties or order of court, does not have the effect to extend the time within which the application for a removal must be made; yet, as to a portion of the defendants (the representatives of Leon Grezaud, deceased), no process of any character was ever issued to bring them into court. Their appearance to the action was a voluntary one, pursuant to the stipulation of parties, of date June 9, 1897, that they were to become parties to the action, and have 60 days in which to plead. As to them, it is clear the application for removal was had in time. It is, however, the duty of the court to remand the cause, at any stage in the proceedings, whenever it appears that the case is not one in which the court has jurisdiction. This court has no jurisdiction of the action on the ground of diverse citizenship, for it does not appear from the record that it is a controversy between citizens of different states. It is shown that the parties plaintiff are citizens, respectively, of the states of Tennessee and Nebraska; that one of the defendants (John M. Severson) is a citizen of the state of Nebraska. This does not present a case of diverse citizenship, as it must appear that all the parties plaintiff are citizens of different states from any of the necessary parties defendant. But it is alleged in the petition for removal that the defendant Severson has no interest in the subject-matter of the action, but was made a party for the purpose of preventing a removal of the action into this court. Whether such fact can at this time be investigated for the purpose of determining the question of jurisdiction, we will not consider, as it does not appear that the citizenship of defendant John Kellner is diverse to that of each plaintiff. The allegation is "that John Kellner, another defendant in this suit, is not a

citizen of Nebraska, and does not reside in said state, but that his residence and citizenship are unknown." It must affirmatively appear, to give the court jurisdiction, that his citizenship is of a state other than Tennessee or Nebraska. The allegation that the citizenship is unknown is insufficient. Salt Co. v. Brigel, 14 C. C. A. 577, 67 Fed. 625, 31 U. S. App. 665.

Nor can jurisdiction be sustained on the ground that it is a controversy between "citizens of a state and foreign citizens or subjects." The law in this respect is stated in Black, Dill. Rem. Causes, § 34, as follows:

"It is therefore necessary that all the parties on one side of the case should be citizens of a state or states, and all the parties on the other side aliens. * * * When a plaintiff, citizen of the state where the suit is brought, sues two defendants, one of whom is a citizen of another state, and the other an alien, * * * the cause is not removable, because it does not come within any of the provisions of the statute. It is casus omissus. It cannot be said to be a controversy 'between citizens of different states,' because one of the parties is not a citizen; and it cannot be described as a controversy 'between citizens of a state and foreign citizens or subjects,' because one of the defendants is not a foreigner."

The same rule is stated in Hervey v. Railway Co., 7 Biss. 103, Fed. Cas. No. 6,434, and King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312.

It is further urged that the action is removable on the ground of a separable controversy. A complete answer to this proposition is that the statute does not give the right of removal to an alien on the ground of a separable controversy. King v. Cornell, supra; Merchants' Cotton-Press Co. v. Insurance Co. of North America, 151 U. S. 368, 14 Sup. Ct. 367.

Perceiving no grounds on which the jurisdiction of this court can be sustained, the cause is remanded to the state court.