## ELDRED v. AMERICAN PALACE–CAR CO. OF NEW JERSEY et al.

(Circuit Court, D. New Jersey. June 22, 1900.)

1. CIRCUIT COURT—NONRESIDENT CORPORATION—JURISDICTION—BILL—APPARENT DEFECT—REMEDY.

Where the circuit court is without jurisdiction, owing to the nonresidence in the district of a corporation defendant, and this fact is apparent from the face of the bill, advantage may be taken of the defect by a motion to vacate a decree entered pro confesso.

2. SAME—SERVICE—RESIDENT DIRECTOR—SUFFICIENCY.

Act Cong. 1887, as amended by Act 1888, prohibits suit in the circuit court against any person, except in the district of which he is an inhabitant, and, where jurisdiction is founded on diverse citizenship, requires suits to be brought only in the district of the residence of plaintiff or defendant. Act 1872, § 13, as amended by Act 1875, § 8, provides that when, in a suit to enforce a claim to, or remove a cloud or incumbrance from, real or personal property in the district, a defendant shall not be an inhabitant thereof, the court may make an order directing him to appear and plead. *Held*, in a suit by nonresident complainants, that jurisdiction of a defendant corporation not resident in the district where suit was brought was not acquired by service on its resident director, it not being alleged that the property in controversy was within the district.

103 F.—14

See 99 Fed. 168.

Robert H. McCarter and Arthur Lord, for the motion.

Edward Q. Keasbey, opposed.

KIRKPATRICK, District Judge. The complainants, who are citizens of Massachusetts, bring suit against the American Palace-Car Company, a corporation organized under the laws of the state of New Jersey, and other citizens of that state, and seek to join as co-defendant in said suit the American Palace-Car Company, a corporation organized under the laws of the state of Maine. A subpoena was issued out of this court, directed to the defendants resident in the district of New Jersey, and to the said Maine corporation, requiring them to answer complainants' bill. The subpoena was returned by the marshal with this indorsement:

"Served the within writ on the defendant Heyward A. Harvey, the American Palace-Car Company of New Jersey, and the American Palace-Car Company of Maine on the 12th day of June, 1899, at East Orange, in the district of New Jersey, by delivering to and leaving with an adult person at the residence of Heyward A. Harvey three copies thereof, and at the same time showing such person this original, with the seal of the court attached, and informing said person of its contents."

It is alleged in the bill of complaint that Heyward A. Harvey, at whose residence the subpoena for the Maine company was left, is a director in said company. It does not appear by said bill of complaint or otherwise that the American Palace-Car Company of Maine transacts or has ever transacted any of its business in the state of New Jersey, nor that it has authorized any person to represent it in said state. On the contrary, the bill recites that its principal office is in the state of Massachusetts, and that it has an office and agent in the state of Maine, where it is incorporated. No appearance has been entered in the cause by the American Palace-Car Company of Maine in response to said subpoena, and in default thereof a decree pro confesso has been entered against it. The motion now is to set aside the said decree as improvidently entered, because no valid service of subpoena has been made upon the Maine company; and the court is asked to dismiss the bill of complaint as to the Maine company for want of jurisdiction. It is suggested by the complainant that the court ought not at this time and in this way entertain a motion to dismiss for want of jurisdiction, but in the case of Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179, Mr. Justice Field, speaking for the supreme court of the United States, says:

"Where the citizenship of the parties is averred in the bill of complaint, and the consequent defect in the jurisdiction of the court is apparent, a defect of this character thus disclosed may be taken advantage of, without demurrer, on motion, at any stage of the proceedings."

The jurisdiction of the circuit court of the United States is purely statutory. The act of 1887, as amended by the act of 1888, provides that:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that of which he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

These statutes have been many times before the courts for inter-pretation. In Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, where the plaintiff resided in Massachusetts, and the defendant was a corporation organized under the laws of Michigan, but doing business through an agent in the state of New York, the court held that:

"Corporations can sue and be sued only in the district where incorporated, or in the state in which the other is a citizen."

And Mr. Justice Field said in Coal Co. v. Blatchford, supra:

"If there are several plaintiffs each plaintiff must be competent to sue, and if there are several defendants each defendant must be liable to be sued, or the jurisdiction cannot be maintained."

In the recent case of Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, the supreme court takes occasion to discuss the whole question of the liability of corporations to be sued in United States courts, and says, speaking by Mr. Justice Gray:

"It is well settled that in a suit against a corporation of one state brought in a court of the United States held within another state, in which the corpo-ration neither does business, nor has any person authorized to represent it, service upon one of its officers or employés found within the state will not support the jurisdiction, notwithstanding that such service is recognized as sufficient by the statutes or judicial decisions of the state."

The learned judge quotes as authority St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Goldey v. News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; and other cases.

It is clear that, under the decisions above referred to, the court, upon the facts set out in the bill, is without jurisdiction to consider this case as against the Maine company; but counsel insists that the action is maintainable against them under section 13 of the act of 1872, amended by section 8 of the act of 1875, which provides that:

"When in any suit brought in any circuit court of the United States to en-force any legal or equitable claim to or remove an encumbrance or lien or cloud upon the title to any real or personal property within the district in which the suit is brought one or more of the defendants shall not be an inhabitant of or found within the district or shall not voluntarily appear, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer or demur by a certain day to be designated."

The object of this section of the act was not in any way to change or modify the law as to jurisdiction, nor abrogate any requirement in relation thereto. The case of Salt Co. v. Brigel, 14 C. C. A. 577, 67 Fed. 625, was one for the foreclosure of a mortgage on property located in Kentucky. Some of the defendants were citizens of Ohio, the same state as one of the complainants, and for that reason the circuit court of appeals held that the circuit court was without juris-diction. The location of the property in Kentucky was not effectual to confer jurisdiction there, when the complainant and some of the de-fendants were citizens of the same state. It is not alleged in the case at bar that the res sought to be affected by the suit is within this district. The car, Boston, is in Massachusetts; and the pat-ents, in the Southern district of New York; and the title to some of the stock in question still in possession of, and the property of, the complainants. I am of the opinion that the court has not ac-

quired jurisdiction over the American Palace-Car Company of Maine by the service of the subpœna in the manner set forth in the marshal's return, and that the court cannot, on the admitted facts, obtain jurisdiction over the said company in this suit. The decree pro confesso against the American Palace-Car Company of Maine must be vacated, and the bill as to it dismissed, but without costs.