**SUDDUTH BROTHERS, INC.**

v.

**KYANITE MINING CORPORATION, Goray Realty Company, Inc., Walter Gernt and the unknown heirs at law of Bruneo Gernt, Deceased, the unknown heirs at law of E. G. Welker, Deceased, Island Oil Corporation, the unknown heirs of Cyrus Clark.**

**Civ. A. No. 5902.**

United States District Court
E. D. Tennessee, N. D.

May 17, 1967.

Marsh & McKeehan, Knoxville, Tenn., for plaintiff.

S. Frank Fowler, Jr., Knoxville, Tenn., Robert F. Turner, Jamestown, Tenn., Lewis S. Pope, Nashville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Defendants, Goray Realty Company, and Walter Gernt and Bruneo Gernt Heirs, have filed motions to dismiss based, among other reasons, upon lack of jurisdiction, because diversity of citizenship is not shown or sufficiently alleged in the complaint.

On May 9, 1967 and subsequently to the filing of the two motions, plaintiff filed an amendment to its complaint making more specific the allegations of the original complaint. Since the suit is basically one against certain named defendants and against the *unknown heirs of certain named persons* for the removal of a cloud on the title of certain properties, presumably the action is made referable, although not so alleged, to Title

28 U.S.C. Sec. 1655, providing means, in an action for removing the cloud upon title to real property within the district, for proceeding against an absent defendant who "cannot be served within the State, or does not voluntarily appear * * *." The statute is quoted in full as follows:

"§ 1655. *Lien enforcement; absent defendants*

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just."

■ The statute is rather clearly a procedural one for reaching known defendants who cannot be served in the State, where the property lies and the suit is brought. It does not establish a separate basis for jurisdiction in a Federal Court. Diversity of citizenship with the requisite jurisdictional amount remains the basis for jurisdiction. This is made clear by cases construing former sections of this title (now codified in Section 1655). These cases found no new basis for jurisdiction but merely permitted service in such a suit upon named defendants not residing within the district. De Hanas v. Cortez-King Brand Mines Co., 26 F.2d 233 (C.C.A. 8) was one for the removal of a cloud on title. The Court said:

"We are met at the threshold of this case with what appears to be an insurmountable jurisdictional obstacle. There is no federal question involved in the case, and, inasmuch as Bull Frog Mining Company is an Oklahoma corporation, and the defendant W. L. McWilliams a citizen of Oklahoma, and both plaintiffs being citizens of Oklahoma, the requisite diversity of citizenship does not exist. It would seem from an examination of the bill that counsel on both sides, as well as the trial court, have assumed that section 57 of the Judicial Code extended the original general jurisdiction of District Courts of the United States to suits circumstanced as this one is. In this respect we think counsel and the trial court have been in error. Section 57 of the Judicial Code deals with the so-called territorial jurisdiction or venue, and with a method of service in order to acquire personal jurisdiction of parties. The section was drawn from section 8 of the Act of March 3, 1875. In Greeley v. Lowe, 155 U.S. 58, 72, 15 S.Ct. 24, 27 (39 L.Ed. 69), Mr. Justice Brown commenting on this question said:

" 'It is entirely true that section 8 of the Act of 1875, authorizing publication, does not enlarge the jurisdiction of the Circuit Court. It does not purport to do so. *Jurisdiction was conferred by the first*

section of the act of 1888 [25 Stat. 433] of "all suits of a civil nature" exceeding two thousand dollars in amount, "in which there shall be a controversy between citizens of different states," and *this implies that no defendant shall be a citizen of the same state with the plaintiff, but otherwise there is no limitation upon such jurisdiction.'* " (Emphasis added.)

See also American Surety Co. of New York v. Edwards & Bradford Lumber Co., 57 F.Supp. 18, 24 (D.C.), where the Court said:

"It is well settled that Section 57 provides for constructive service of process by service or publication of a warning order, and hence cannot apply to actions in personam where jurisdiction of the person of a necessary party is essential. Wilhelm v. Consolidated Oil Corporation, 10 Cir., 1936, 84 F.2d 739. Since as hereinafter pointed out, these moving defendants and cross-defendants as transferees of property allegedly fraudulently transferred, are necessary parties to this action, and since because of their nonresidence an action in personam cannot be maintained against them in the Northern District of Iowa, jurisdiction must depend upon the suit being one within the scope of Section 57.

"For a suit to be within the scope of Section 57, there must in the first place be property found within the federal court district where the suit is brought; and, secondly, the suit must be one (a) to enforce a legal or equitable lien upon such property, or (b) to enforce a legal or equitable claim to such property, or (c) to remove any incumbrance or lien upon the title to such property; and, *thirdly, the necessary diversity of citizenship of the parties must exist to make the suit a matter of federal court cognizance.*" (Emphasis added.)

A case quite similar to ours was decided by the Court of Appeals for the Sixth Circuit in 1895. Tug River Coal & Salt Co. v. Brigel, 67 F. 625. The suit was brought in the circuit court of the United States for the district of Kentucky for foreclosure of a mortgage executed by the Tug River Coal & Salt Company on some 20,000 acres of land. Beside the mortgage debt there were judgments and other claims against the company. The relief sought was foreclosure of the mortgage and sale of the premises. Suit was brought by the trustees on the mortgage, one a citizen of Ohio and the other of New York, against the Tug River Company and the Cincinnati Natural Gas & Fuel Company, both Kentucky corporations, and against certain other defendants claiming an interest in the land, the residences and places of business of four of whom were "unknown to complainants."

The Court said it does not admit of question that the defendants are proper and material parties to the bill framed since the object of the suit was to sell a perfect title, cut off and extinguish all adverse rights or liens, including the judgment creditors' right to redeem. The Court further said at pages 628, 629:

" * * * This is a case, therefore, where it affirmatively appears from complainants' bill that the court is without jurisdiction. The rule being that the requisite citizenship to sustain jurisdiction of the federal courts must distinctly appear, it *follows necessarily that a suit of this character cannot be maintained in the courts of the United States upon an allegation that the citizenship of the party or parties is unknown. In such case nothing appears, and there is clearly a lack of jurisdiction,* and it is in effect so held. Conwell v. White Water V. C. Co., 6 Fed.Cas. 372, 4 Biss. 195; Speigle v. Meredith, 4 Biss. 120, Fed.Cas.No.13,227."

* * * * * *

" * * * *The act simply allows substituted service in certain cases where the court has jurisdiction, and does not purport to change or modify*

*the law as to jurisdiction,* and it is to be borne in mind that the necessary citizenship is a constitutional, as well as statutory, requirement. Greeley v. Lowe, 155 U.S. 73, 15 Sup.Ct. 24."

\* \* \* \* \* \*

*"Another and decisive reason against any such method of meeting the objection is that the citizenship of a number of the defendants is not known, and not disclosed by the record. It cannot be known whether placing such parties on the opposite side would tend to sustain or defeat jurisdiction.* In any view, therefore, we are clearly of opinion that the circuit court never rightfully acquired jurisdiction of the case. \* \* \*" (Emphasis added.)

In Tracy v. Morel, 88 F. 801 (Cir.Ct., D.Neb.) the Court said at pages 802–803:

" \* \* \* it does not appear that the citizenship of defendant John Kellner is diverse to that of each plaintiff. The allegation is 'that John Kellner, another defendant in this suit, is not a citizen of Nebraska, and does not reside in said state, but that his residence and citizenship are unknown.' *It must affirmatively appear, to give the court jurisdiction, that his citizenship is of a state other than Tennessee or Nebraska. The allegation that the citizenship is unknown is insufficient.* Salt Co. v. Brigel, 14 C.A.A. 577, 67 Fed. 625, 31 U.S.App. 665.'" (Emphasis added.)

 The Supreme Court in the case of Interior Construction & Improvement Co. v. Gibney, 160 U.S. 217, 219, 16 S.Ct. 272, 273, 40 L.Ed. 401, said " \* \* \* Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed." In our case, as in *Tug River,* supra, and in Tracy v. Morel, supra, the citizenship of some of the defendants was alleged to be unknown. In our case not only was the citizenship of some of the parties un-

known, but their identity also. It seems clear to the Court that the necessary diversity of citizenship is not shown, and the motions of defendants must be granted. Section 1655 is a procedural one and does not establish an independent basis for Federal jurisdiction.

It may not be amiss to observe that statutes of the State of Tennessee seem clearly designed to provide all relief sought here.