**GEORGIA CENTRAL CREDIT UNION,**
**Plaintiff-Appellant,**

v.

**MARTIN G.M.C. TRUCKS, INC. and One 1969 International Tractor Truck, Serial # 229471G368129, and Patricia L. Sheppard and Jerry Sheppard, Defendants-Appellees.**

**No. 79–3625**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 23, 1980.

William A. Wehunt, Atlanta, Ga., Ronald J. Bertrand, Lake Charles, La., for plaintiff-appellant.

Hunt, Godwin, Painter & Roddy, Fred R. Godwin, Lake Charles, La., for defendants-appellees.

* Fed.R.App.P. 34(a); R. 18.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM.

█ We affirm the trial court's dismissal for lack of jurisdiction. Plaintiff's complaint reflects neither diversity of citizenship nor that there is a controversy in an amount in excess of $10,000. Plaintiff claims that the court has jurisdiction under the lien enforcement statute, 28 U.S.C. § 1655.[1] This statute provides for venue under the circumstances described and in order to invoke it a plaintiff must allege independent grounds for federal court jurisdiction. *See* Wright & Miller, *Federal Practice & Procedure*, Civil § 3632, and cases cited at n.3.

The judgment of dismissal for want of jurisdiction is therefore affirmed on the basis of the district court's opinion, which is attached as an appendix to this opinion. The dismissal is without prejudice to any cause of action that might be maintained in a competent state forum. F.R.Civ.P. 41(b).

AFFIRMED.

Appendix to the Opinion of the Court

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA LAKE CHARLES DIVISION

GEORGIA CENTRAL CREDIT UNION

VS.

MARTIN G.M.C. TRUCKS, INC., and ONE 1969 INTERNATIONAL TRACTOR TRUCK, Serial # 229471 G368129, PATRICIA L. SHEPPARD and JERRY SHEPPARD

CIVIL ACTION NO. 790483

### RULING ON MOTION TO DISMISS

Plaintiff filed suit in this court seeking a judgment against Defendant/vehicle, one 1969 International Tractor Truck, Serial No. 229471G368129, for the enforcement of its lien as rendered by the State of Georgia for possession of said vehicle or in the alternative a judgment against Defendant/Martin G.M.C. Trucks, Inc., for the sum of

---

1. § 1655 provides as follows:

Lien enforcement; absent defendants

In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.

$8,050.00, plus interest, attorney's fees and costs for the following:

Jerry Sheppard and his wife, Patricia L. Sheppard, residents of the State of Georgia, purchased a 1969 International Harvester Tractor, for the purpose of commencing a trucking business through interstate commerce. At the time of the purchase, the Sheppards were unable to pay cash for the truck and it became necessary to borrow money to pay for the equipment. To this end, Georgia Central Credit Union advanced the funds for the purchase of the truck and took back a title retention agreement pursuant to the laws of the State of Georgia as encompassed in the exhibits attached to the complaint.

Shortly after involving themselves in this enterprise, the equipment broke down in the State of Louisiana and was repaired by Defendant, Martin G.M.C. Trucks, Inc. Defendant/Sheppards, being unable to pay for the repairs, proceeded to file a petition in bankruptcy in the U. S. District Court, in the Northern District of Georgia, and were subsequently discharged.

Plaintiff demanded Martin G.M.C. Trucks, Inc. surrender the vehicle to it which was refused. Plaintiff brought this action, in rem, alleging jurisdiction in this court pursuant to 28 U.S.C. § 1655 and Rule 70, of the Federal Rules of Civil Procedure.

Defendant/Martin G.M.C Trucks, Inc. moved the court to dismiss the action on the grounds that the court lacks jurisdiction under 28 U.S.C. § 1655, Rule 70 of the Federal Rules of Civil Procedure, 49 U.S.C. § 1(3) or 49 U.S.C. § 5(13) and for the additional reasons that the amount actually in controversy is less than Ten Thousand ($10,000) Dollars, exclusive of costs.

Plaintiff asserts federal jurisdiction under 28 U.S.C. § 1655; Rule 70 of the Federal Rules of Civil Procedure; and 49 U.S.C. § 1(3) and 49 U.S.C. § 5(13), which contain definitions of interstate carriers. Although not so stated in the complaint, jurisdiction may also have been asserted by implication under 28 U.S.C. § 1337, providing for jurisdiction over civil actions arising under any act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

Plaintiff does not assert diversity jurisdiction under 28 U.S.C. § 1332 nor does plaintiff allege that the amount at issue is more than $10,000.

We find that neither Rule 70 nor 49 U.S.C. §§ 1(3), 5(13) establish a basis for this court's jurisdiction. The provisions of these statutes do not confer jurisdiction either explicitly or implicitly.

28 U.S.C. § 1337 is a statutory grant of jurisdiction. However, plaintiff's action does not fall within the statutory language.

The issue before the court thus narrows: Does 28 U.S.C. § 1655, either implicitly or explicitly, confer jurisdiction on a district court for actions brought pursuant to its provisions?

Counsel have not cited, not has the court discovered, any appellate court decision which definitively answers this question. Plaintiff does refer the court to the opinion of the Sixth Circuit in *Dan Cohen Realty Co. v. National Savings and Trust Co.*, 125 F.2d 288 (6th Cir., 1942) and the district court opinion at 36 F.Supp. 536 (E.D.Ky. 1941). It is clear from these opinions that the court had jurisdiction under diversity of citizenship and was deciding a question of proper venue, not jurisdiction.

Our own research of Fifth Circuit decisions reveals no cases on point, since jurisdiction asserted under 28 U.S.C. 1655 is always coupled with a claim of jurisdiction under another statute. *See*, for example, *U. S. v. Stanton*, 495 F.2d 515, 516 fn. 1 (5th Cir., 1974).

We do note the following language in *Simmons v. City of El Paso, Texas*, 320 F.2d 541, 542 (5th Cir., 1963):

Federal jurisdiction in this action was asserted on diversity of citizenship and under 28 U.S.C.A. § 1655. It is difficult to see how Section 1655 has anything to do with jurisdiction in this case but since diversity of citizenship and the jurisdictional amount of a matter in controversy are present, the question need not be considered.

The question was considered in depth by Chief Judge Taylor in *Sudduth Brothers, Inc. v. Kyanite Mining Corp.*, 270 F.Supp. 595 (E.D.Tenn.1967). Judge Taylor reviewed 28 U.S.C. § 1655 and the jurisprudence under § 1655's predecessor statute. His conclusion was as follows:

> The statute is rather clearly a procedural one for reaching known defendants who cannot be served in the State, where the property lies and the suit is brought. It does not establish a separate basis for jurisdiction in a Federal Court. Diversity of citizenship with the requisite jurisdictional amount remains the basis for jurisdiction. This is made clear by cases construing former sections of this title (now codified in Section 1655). These cases found no new basis for jurisdiction but merely permitted service in such a suit upon named defendants not residing within the district. 270 F.Supp. at 596. *See also Newton v. Inter-American, Inc.*, 48 F.R.D. 280, 283 (W.D.La.1969), in which one of several diversity actions to assert a lien pursuant to 28 U.S.C. § 1655 was dismissed for lack of requisite jurisdictional amount.

We agree with the analysis made in these cases. 28 U.S.C. § 1655 does not in and of itself confer jurisdiction. There being asserted no other independent basis for jurisdiction, the motion to dismiss for lack of jurisdiction must be and it is hereby GRANTED.

THUS DONE AND SIGNED at Lake Charles, Louisiana, this 21st day of September, 1979.

/S/ Earl E. Veron  
    Earl E. Veron  
    United States District Judge