## MENARD *v.* GOGGAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

Submitted April 1, 1887. — Decided April 11, 1887.

It is again held that when the jurisdiction of a Circuit Court depends alone on citizenship, an averment that the plaintiff is a "resident" in one state named, and that the defendant is a "resident" in another state named confers no jurisdiction; and a judgment rendered below in such case in favor of the defendant and brought up in error by the plaintiff, is reversed with costs in this court against the plaintiff in error.

THE case is stated in the opinion of the court.

*Mr. John W. Butterfield* for plaintiff in error.

No appearance for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record does not show that the Circuit Court had jurisdiction of the suit which depended alone on the citizenship of the parties. The petition states that Edmund Menard, the plaintiff, "resides in Randolph County, in the state of Illinois," and that the defendants, of whom Thomas Goggan, the defendant in error, was one, "reside in the city of Galveston," in the state of Texas. There is nothing else from which the citizenship of either party can be inferred, and this is not enough. We have so held at the present term in *Continental Insurance Company* v. *Rhoads,* 119 U. S. 237, where the authorities are cited; *Halsted* v. *Buster,* 119 U. S. 341, and *Everhart* v. *Huntsville College,* 120 U. S. 223. This judgment must, therefore, be reversed on the authority of those cases, and as the fault rests with the plaintiff in error, whose duty it was when bringing the suit to make the jurisdiction appear, the reversal will be at his costs in this court. *Hancock* v. *Holbrook,* 112 U. S. 229; *Halsted* v. *Buster, supra.* If the necessary citizenship

actually existed at the time the suit was begun, it will be for the court below to determine, when the case gets back, whether the record shall be amended so as to show that fact, and thus make out the jurisdiction.

> *The judgment of the Circuit Court is reversed at the costs of the plaintiff in error, and the cause remanded for further proceedings.*