## PACIFIC POSTAL TEL. CABLE Co. *v.* IRVINE *et al.*

(*Circuit Court, S. D. California.* January 19, 1892.)

1. JURISDICTION—DIVERSE CITIZENSHIP—PLEADING.
   An allegation that plaintiff is a New York corporation, and that defendants are "residents" of California, does not show diverse citizenship.
2. TELEGRAPH COMPANIES—USE OF HIGHWAY.
   The use of a public highway by a telegraph line erecting poles and wires thereon is an additional burden, and where the fee is in the adjacent owner cannot be taken without his consent, or by statutory proceedings, in which he is entitled to compensation.

In Equity. Motion for an injunction.
*George Hayford,* for complainant.
*Wilson & Lamme,* for defendants.

Ross, District Judge. There are two very substantial reasons why the motion for an injunction herein should not be granted:

1. Neither the original nor the amended bill shows diverse citizenship of the parties, upon which ground alone the jurisdiction of this court is invoked by the complainant. In the amended bill it is alleged that the complainant is a New York corporation, and that the defendants are residents of the state of California. But a person may be a resident of a state of which he is not a citizen. There are many residents of California who are not citizens of any state of the Union.

2. The papers submitted upon the motion show that the telegraph poles and wires in question were erected by complainant upon land, the fee of which is in the defendant James Irvine, and over which the right of way for a public road had been theretofore granted to the board of supervisors of the county in which the land is situate. It appears that the poles and wires were erected by complainant under a grant from the board of supervisors so to do, but without the consent and against the protest of the defendants. The right of way granted to the supervisors was for a public road, that is to say, a way to be used by the public for ordinary travel. Where the fee of the highway is vested in the public, there can be no valid legal objection to the grant by the public of a right to erect such poles and wires without regard to the adjacent property holders; but where, as here, the fee of the highway remains in the adjacent owner, and only its use for purposes of public travel has been granted, I think it clear that every use of the highway not in the line of such travel is an additional burden, for which the proprietor of the fee is entitled to additional compensation, and which cannot be constitutionally taken from him without his consent, except by proceedings regularly instituted and prosecuted according to law.

Motion denied.