STOCKWELL v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. June 30, 1904.)

1. DEATH—FEDERAL COURTS—JURISDICTION.

The federal courts have jurisdiction of an action for death of a servant only where it is between citizens of different states or between citizens and aliens.

2. SAME—JURISDICTIONAL FACTS—AVERMENT.

In an action in the federal courts for the wrongful killing of a servant, an averment that the defendant is a corporation organized under the laws of the commonwealth of Massachusetts, and that the plaintiff was "of Brattleboro, in the county of Windham and state of Vermont, executrix" of the will of the deceased, late of Brattleboro, was insufficient to show diversity of citizenship, since the allegation of plaintiff's residence did not negative the fact that she was only temporarily residing in the state of Vermont, and was not a citizen of the same state as the defendant.

At Law.

Clarke C. Fitts, for plaintiff.
Wm. B. C. Stickney, for defendant.

WHEELER, District Judge. This cause has been heard upon a demurrer to the plaintiff's declaration. A declaration that does not set forth a cause of action within the jurisdiction of the court is insufficient. This court has jurisdiction of suits of this nature only when they are between citizens of different states, or between citizens and aliens. The declaration should, therefore, show by direct allegation, without ambiguity, either in itself or in connection with the writ, the required diversity of

¶ 2. Averments of citizenship to show jurisdiction in federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

citizenship or alienage. There is no mention of either in this declaration or writ. The defendant is set up as a corporation organized under the laws of the commonwealth of Massachusetts, which may well enough show that it is a citizen of the state of Massachusetts; but the plaintiff is only set up as "of Brattleboro, in the county of Windham and state of Vermont, executrix" of the will of Walter D. Stockwell, late of Brattleboro. This may be true and she not be a citizen of Vermont, but only a temporary resident or inhabitant, and a citizen of the same state as the defendant. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. This leaves the court now without jurisdiction of the question discussed by counsel as to maintaining a suit upon the New Hampshire statute.

Demurrer sustained.