BAXTER, STRAW & STORRS CONST. CO. v. HAMMOND MFG. CO. et al.

(Circuit Court, N. D. California.   June 3, 1907.)

No. 14,172.

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—NONRESIDENCE OF BOTH PARTIES.

The Circuit Courts of the United States have no original jurisdiction, on the ground of diversity of citizenship, of a suit wherein neither party is a resident of the district in which the suit is brought; and hence cannot acquire jurisdiction of such a case by removal.

On Motion to Remand to State Court.

L. N. Peter and Solinsky & Wehe, for plaintiff.
L. T. Hatfield and J. S. Spilman, for defendants.

VAN FLEET, District Judge. This is a motion to remand the cause to the state court for want of jurisdiction here. The action was commenced in the superior court of the state of California for the county of Plumas, and thereafter, in due time, removed to this court at the instance of the defendants, upon the asserted ground of diversity of citizenship of the parties; the petition for removal, united in by all the defendants, setting up that the plaintiff is a corporation organized and existing under the laws of the state of Utah, that the defendant corporation is one organized and existing under the laws of the state of Oregon, while of the three other defendants, two, Hammond and Frazer, were, at the commencement of the action, and still are, citizens of the state of Oregon, and the third, Powell, a citizen of the state of Illinois. The motion to remand was based upon the sole ground that the defendant Frazer, a necessary party to the action, was, at the commencement thereof, a citizen of and resident within the state of California. The motion was heard upon affidavits and oral evidence adduced at the hearing, and from the showing made the question of the challenged residence resolved itself largely into a controverted question of fact.

For the reasons hereinafter stated, it is not now material to discuss the evidence further than to say that, having in view only the objection urged, I had, upon consideration, reached the conclusion that the evidence was sufficient to show that the defendant Frazer had acquired a bona fide residence in Oregon at the date of the commencement of the action, and that therefore the motion to remand should be denied, and I was prepared to so hold. Before the announcement of my conclusion, however, my attention was called, through the briefs in another case, to the recent decision of the Supreme Court of the United States in Ex parte Wisner (decided December 10, 1906), 203 U. S. 449, 27

Sup. Ct. 150, 51 L. Ed. 264, which would seem to require a remand of the cause for want of jurisdiction in this court, upon another and different ground than that raised by the motion, but nevertheless appearing upon the face of the record; that is by reason of the very fact relied upon by the defendants as the basis of their right of removal to this court, that the parties to the action, plaintiff and defendants alike, were at the commencement thereof all nonresidents of the state of California and of this district. In that case, Wisner, a citizen of Michigan, commenced an action at law in the state court of Missouri, against Beardsley, a citizen of Louisiana. The latter appeared and had the cause removed to the Circuit Court of the United States for the proper district of Missouri, on the ground, as in the case at bar, of diversity of citizenship. The plaintiff, Wisner, moved to remand for want of jurisdiction in the Circuit Court, because of the fact that neither the plaintiff nor the defendant was a resident of the state of Missouri where the action was commenced; and that by reason thereof the cause was not within the original jurisdiction of the Circuit Court under the judiciary act, and hence it could not acquire such jurisdiction by removal. The motion to remand was denied, and thereupon Wisner sued out a writ of mandate before the Supreme Court to require such remand. The writ was allowed; the Supreme Court holding that under Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, corrected by Act August 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], as that statute has been construed by that court, a Circuit Court of the United States has no jurisdiction, by reason of diversity of citizenship, of an action commenced in the court of a state of which neither the plaintiff nor the defendant is a resident at the time of the commencement thereof, and that such an action removed into the Circuit Court must be remanded to the court from whence it came. That, in other words, the facts as to the residence as they existed in that case, and as shown to exist in this, do not constitute a "diversity of citizenship" under the act of 1887, such as to confer jurisdiction on the Circuit Court.

The reasoning of the court is, in brief, that inasmuch as the jurisdiction of the Circuit Courts is not, like that of the Supreme Court, derived immediately from the Constitution, but depends for its scope entirely upon acts of Congress, no intendments may be indulged in any instance in favor of its extension beyond the limitations of the act defining it. That, in this respect, these courts are creatures of the statute, and the latter alone is the measure of their jurisdiction. That the purpose and effect of the act of 1887 was to contract, and not enlarge, the jurisdiction of these courts as theretofore existing; . that the provisions of the judiciary act of 1789, allowing a party to be sued in any district "in which he shall be found at the time of serving the writ," is omitted from the act of 1887, and, while the latter re-enacts the rule that "no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant," it adds this provision:

"But where the jurisdiction of either is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

And the court say:

"As has been adjudged by this court, the last clause is by way of proviso to the next preceding clause, which forbids any suit to be brought in any other district than that whereof the defendant is an inhabitant. And the effect is that, 'where the jurisdiction is founded upon any of the clauses mentioned in this section, except the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but, where the jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides.'"

And it is further said that these provisions "cannot be construed as giving jurisdiction, by reason of citizenship, to a Circuit Court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen; and that this act therefore, having taken away the alternative permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident."

The court concludes that, as neither of the parties was a citizen of the state where the action was brought, "it could not have been brought in the Circuit Court in the first instance"; the obvious result being, while not so stated in terms, that, since the action could not have been brought in that court originally, jurisdiction thereof could not, under the provisions of the act, be acquired by removal.

It is hardly necessary to observe that the facts appearing in the present case bring it strictly within the rule thus declared.

If it be suggested that the plaintiff, by basing its motion to remand solely upon the ground that Frazer was a citizen of California, thereby waived the objection under discussion, and by such waiver has left this court at liberty to retain the cause, it may be answered that, while that attitude would seem to find support in some of the previous decisions of the Supreme Court, it is expressly negatived in the Wisner Case, where it is said:

"But it is contended that Beardsley was entitled to remove the case to the Circuit Court, and as by his petition for removal he waived the objection so far as he was personally concerned that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inasmuch as in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Courts, and of the limitations imposed thereby, jurisdiction of the suit could not have obtained, even with the consent of both parties."

It is true that the language employed by the court in that case, in commenting upon its previous decision in Central Trust Company v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98, has excited some diversity of judgment in the Circuit Courts as to whether the effect of Ex parte Wisner is to overrule the former—a purpose to do which is not expressed in terms by the court. See Corwin Mfg. Co. v. Henrici Washer Co. (C. C.) 151 Fed. 938; Horn v. Pere Marquette R. Co. (C. C.) 151 Fed. 626. Central Trust Co. v. McGeorge would certainly appear to disclose an instance where the doctrine of "jurisdic-

tion by waiver," if it may be so characterized, was given countenance; but my own view is that that case is so entirely opposed to the doctrine of Ex parte Wisner as to be wholly irreconcilable therewith, without ignoring the principle announced in numerous cases, and reaffirmed in the Wisner Case, that jurisdiction not otherwise existing can never be conferred by consent, and that we are therefore bound to assume that it was the purpose of the court to overrule the former case.

Moreover, this is very evidently the view of the Circuit Court of Appeals in this circuit.   In the case of Yellow Aster Min. & Mill. Co. v. Crane Co. (C. C. A.) 150 Fed. 580, the action was commenced in the state court of California; the plaintiff being a citizen of the state of Illinois, and the defendant a citizen of the state of Nevada.   The action was removed into this court, where it went to judgment, to review which it was taken to the Circuit Court of Appeals, where, without the objection of jurisdiction being raised by either party, that court disposed of the case in these terms:

"Neither party to the action being at the time of its commencement a citizen or resident of the state of California, we must, without reference to the merits of the controversy, upon the authority of the case of Ex parte Abram C. Wisner, 203 N. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, decided by the Supreme Court December 10, 1906 (Advanced Sheets), reverse the judgment, with costs to the defendant in error, and with directions to the court below to remand the case to the state court from which it came, for lack of jurisdiction of the federal court over it."

This case is authoritative with this court, and I shall follow it.

While as a rule it is not satisfactory, and the court is reluctant to dispose of a case upon a proposition not raised or presented by the parties, the objection of want of jurisdiction is one which may not be ignored, but of which the court is bound sua sponte to take cognizance, at whatever stage of the proceeding it appears.

That being the objection here, the court is left no alternative, under the authorities cited, but to remand the cause to the superior court of Plumas county, and an order will be entered to that effect.