PUGET SOUND NAVIGATION CO. v. LAVENDAR et al.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1907.)

No. 1,425.

1. COURTS—FEDERAL COURTS—DETERMINATION OF QUESTIONS OF JURISDICTION.

A Circuit Court of Appeals is bound to inquire, first, as to its own jurisdiction of a cause brought before it by appeal or writ of error, and, second, as to the jurisdiction of the court from which the record comes, even though the question is not raised by the parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1103.

Jurisdiction of Circuit Court of Appeals, in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. APPEAL AND ERROR—REVERSAL FOR JURISDICTIONAL DEFECTS—DISPOSITION OF CAUSE.

Where a Circuit Court was without jurisdiction of a cause because of the absence from the complaint of necessary jurisdictional allegations, the appellate court, in reversing the judgment therein for that reason, may properly remand the cause and direct that plaintiff be permitted to amend the complaint in that respect, especially where the question of jurisdiction was not raised in the trial court.

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Ira Bronson and D. B. Trefethen, for plaintiff in error.

Byers & Byers (Clay Allen, of counsel), for defendants in error.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

GILBERT, Circuit Judge. Mary R. Lavendar, as plaintiff, brought this action to recover damages against the plaintiff in error and Charles Stanley and Samuel Barlo, as defendants. The complaint shows no jurisdiction on the ground of diversity of citizenship. It alleges the citizenship of the plaintiff in error, but makes no allegation whatever as to the citizenship of the other parties to the action. No other ground of jurisdiction is suggested. This court is bound to inquire, first, as to

its own jurisdiction, and, second, as to the jurisdiction of the court from which the record comes, and this even when the question is not raised by the parties to the action. M. C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462.

The judgment must therefore be reversed for want of jurisdiction in the Circuit Court.

But, while reversing the judgment, this court may properly direct that the plaintiff in the action be permitted to amend the complaint so as to show diverse citizenship. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Morgan v. Gay, 19 Wall. 82, 22 L. Ed. 100; Johnson v. Christian, 125 U. S. 645, 8 Sup. Ct. 1135, 31 L. Ed. 820; Stuart v. City of Easton, 156 U. S. 46, 15 Sup. Ct. 268, 39 L. Ed. 341; Rondot v. Township of Rogers, 79 Fed. 677, 25 C. C. A. 145.

In Robertson v. Cease, it is said:

"Such a course is peculiarly proper in this case in view of the failure of the plaintiff in error to make in the court below the precise question of jurisdiction which he urges upon our consideration."

In Rondot v. Township of Rogers, Judge Taft said:

"It is doubtless true that the plaintiff in error can amend his declaration so as affirmatively to show his alienage, and thus that the same questions will probably be presented on a new trial as now arise upon the record. It would shorten the litigation, therefore, were we now to pass upon the questions raised, but the Supreme Court has not deemed it proper to take such a course in a case like this. Robertson v. Cease, 97 U. S. 647, 24 L. Ed. 1057."

The judgment of the Circuit Court is reversed, with costs to the plaintiff in error, and the cause is remanded to the Circuit Court, with leave to apply for amendment, and for further proceedings.