## KOIKE v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court, N. D. California. December 2, 1907.)

No. 13,972. *

1. COURTS—JURISDICTION OF FEDERAL COURT—ALLEGATION OF CITIZENSHIP.

An allegation in a complaint that plaintiff is a "bona fide resident" of a certain state is not equivalent to one of his citizenship in such state, and is not sufficient to give a federal court jurisdiction on the ground of diversity of citizenship.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 878.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—MANNER OF RAISING QUESTION OF JURISDICTION.

Where want of jurisdiction appears from the complaint in an action in a federal court, it is the duty of the court to take cognizance of it, regardless of the manner in which it is brought to the court's attention.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 818.]

On Motion to Dismiss for Want of Jurisdiction.

Carl E. Lindsay and E. T. Barrett, for plaintiff.

Pillsbury, Madison & Sutro, for defendant.

VAN FLEET, District Judge. This is an action at law commenced in this court, in which its jurisdiction is invoked solely on the ground of diversity of citizenship of the parties. In this respect the complaint alleges that:

"Plaintiff now is, and for more than six months last past continuously has been, a bona fide resident of the city and county of San Francisco, state of California," and that the "defendant now is, and at all the times herein mentioned has been, a corporation organized, acting, and existing under and by virtue of the laws of a state of the United States other than the state of California."

Defendant moves to set aside the service of process and to dismiss the action, on the ground that this court has no jurisdiction of the action, "for the reason that the plaintiff therein is a citizen and subject of a foreign state, to wit, the empire of Japan," and that the defendant is a citizen and resident of the state of Kansas, being a corporation organized and existing under and by virtue of the laws thereof; the objection made being that a subject of a foreign state can sue a citizen of the United States in a federal court only in the district in which the latter resides.

The fact as to the plaintiff's alienage is set forth in an affidavit made solely upon information and belief; and it is objected by plaintiff that such an affidavit is wholly insufficient to establish the fact. It is, moreover, insisted by plaintiff that the objection attempted to be raised by defendant, not appearing on the face of the complaint, may not be raised by mere motion, but must, under rule 93 of this court (now rule 94), be taken by answer.

It is not necessary to stop and examine these questions of mere procedure, since, assuming that plaintiff's objections to the method adopted by defendant for questioning the jurisdiction are well taken,

the motion has been sufficient to arrest the attention of the court to the fact that the complaint for a reason other than that relied on, does not make a case within the jurisdiction of this court; and, that fact appearing, the court is bound to take cognizance of it, regardless of the manner in which it is called to its attention. Baxter, etc., Con. Co. v. Hammond Mfg. Co. (C. C.) 154 Fed. 992.

The allegation of the complaint is merely that the plaintiff is "a bona fide resident of the city and county of San Francisco, state of California." It is diversity of citizenship and not of residence upon which the jurisdiction of this court in cases of this character is made to depend; the requirement of the Constitution and judiciary act alike being "a controversy between citizens of different states." Const. U. S. art. 3, § 2; Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]. The two terms are not equivalents, and it has been repeatedly held that the averment of residence is not an averment of citizenship, and the former will not support jurisdiction in the Circuit Court. Marks v. Marks (C. C.) 75 Fed. 321; Wolfe v. Hartford, etc., Ins. Co., 148 U. S. 389, 13 Sup. Ct. 602, 37 L. Ed. 493; Horne v. Hammond Co., 155 U. S. 393, 15 Sup. Ct. 167, 39 L. Ed. 197; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873, 30 L. Ed. 914.

The facts alleged, therefore, are not sufficient to authorize this court to retain jurisdiction of the cause. As the defect, however, is one which can be cured by amendment, should the facts warrant, the order will be that the action be dismissed, unless the plaintiff, within 10 days, file an amended complaint avoiding the objection.