### INTERNATIONAL BANK & TRUST CO. et al. v. SCOTT.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1908.)

#### No. 1,743.

1. COURTS—FEDERAL COURTS—ACTION AT LAW—COMMENCEMENT.

An action at law is commenced in the Circuit Court of the United States for the Western District of Texas, by filing a petition in the office of the clerk under Tex. Rev. St. 1895, art. 1177, providing that all civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk of such court.

2. SAME—VENUE—DIVISION OF DISTRICT—PROCESS.

Plaintiffs, who were nonresidents, commenced an action at law in the Circuit Court of the United States for the Western District of Texas against defendant, a resident of Bexar county, in such district. The petition was filed with the clerk of such court at Waco, and attachment sued out, returnable at that place, though defendant's residence was in the San Antonio, and not in the Waco, division of the district. There was but one circuit court in the district, and one clerk; nor did the statutes of the United States prescribe any particular place in the district for the location of the clerk's office, except that Act June 3, Cong. 1884, c. 64, 23 Stat. 36 [U. S. Comp. St. 1901, p. 428], provided that there should be a deputy clerk who should keep an office in El Paso, and Act June 9, 1906, c. 3063, 34 Stat. 226 [U. S. Comp. St. Supp. 1907, p. 169], required the maintenance of a clerk's office at Del Rio. *Held*, that the suit was properly commenced, and that, though defendant was entitled to have the process made returnable at San Antonio, under Act March 11, 1902, c. 183, § 9, 32 Stat. 67 [U. S. Comp. St. Supp. 1907, p. 162], making that place the place for return of process issued against defendants residing in Bexar county, such privilege was a personal one, which defendant could waive, and hence the filing of the petition and making the process returnable at Waco was not ground for dismissal.

3. SAME—JURISDICTION—DIVERSE CITIZENSHIP.

Where the jurisdiction of a federal court depends on diverse citizenship, it must be affirmatively shown by the record.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 876–881.

Divers citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

4. SAME—CITIZENSHIP.

Where federal jurisdiction of an action by the liquidating committee of a bank depended on diverse citizenship, and plaintiff's petition only alleged that all of such committee resided in the Republic of Mexico, but there was no averment that they were citizens of the Republic of Mexico, jurisdiction was not shown, nor was the defect cured by a recital in a motion for rehearing of a motion to dismiss that it appeared on the face of defendant's pleading that the "plaintiff" is a resident citizen of the Republic of Mexico, the plaintiff referred to being the liquidating committee of the bank, and not the individuals who were the real plaintiffs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 876–881.]

In Error to the Circuit Court of the United States for the Western District of Texas.

This suit was brought January 18, 1907, by Pedro M. Armendariz, Eman L. Beck, George A. Hill, George R. Pierce, and Thomas J. Semmes, "all of whom reside in the city of Mexico, Republic of Mexico," and describing themselves as "the Liquidating Committee of the International Bank and Trust Company of America in the Republic of Mexico." They sue William Scott, a citizen of the United States, and a resident of Bexar county, Tex., in the Western District of Texas, on certain promissory notes and an open account; and judgment is asked for $18,896.81. The original petition appears to have been filed at Waco in the Western District of Texas and process issued at that place, and an attachment was also sued out, all returnable at Waco. On February 25, 1907, the defendant filed the following plea, viz.: Now comes the defendant William Scott, and appearing herein only in limine for the sole purpose of claiming the privilege of being sued in the division of the Western District of Texas, in which he resides, to wit, in the San Antonio Division, demurs to plaintiff's petition, and says that the same shows on its face that this defendant resides in Bexar county, Tex., and in the San Antonio Division of the Western District of Texas, and not in McLennan county, Tex., and not in any county in the Waco Division of the Western District of Texas, and that this is a suit on written instruments and in open account for overdraft, none of which are made payable in any county in the Waco Division of the Western District of Texas. Wherefore, defendant says that said petition shows on its face that this suit is improperly brought at Waco, and prays that this demurrer be sustained and that this cause be dismissed. Upon hearing thereof the court entered the following order:

"On this 26th day of February, 1907, this cause being called on the appearance docket then came the defendant Wm. Scott by attorney and presented his plea of privilege, claiming his right to be sued in the San Antonio Division of the Western District of Texas in which he resides, and the court having heard and considered said plea and the argument of counsel for the plaintiffs and defendant, and duly considered the same, is of opinion that said plea is well taken, and that it should be sustained and this suit dismissed. It is therefore ordered, adjudged, and decreed by the court that said plea of privilege be sustained and that this cause be dismissed, and that the plaintiffs pay all costs herein incurred. And it is further ordered that the writs of attachment heretofore issued herein and the levies made thereunder be vacated, to which action of the court the plaintiffs in open court then and there excepted." On February 28th thereafter, the plaintiffs filed a motion for a rehearing, as follows: "Comes now the plaintiff herein, the liquidating committee of the International Bank & Trust Company of America and most respectfully prays the court that the order herein made on the 26th day of February, 1907, sustaining defendant's plea of privilege and dismissing this

cause, be set aside for the following reasons, to wit: First. That it appears on the face of the defendant's pleadings that he is a resident citizen of Bexar county, Texas, and that the plaintiff is a resident citizen of the Republic of Mexico, and that the general laws of the United States, conferring jurisdiction upon the Circuit Court provides that in such a case suit may be filed in the district wherein the defendant is a resident citizen. Second. That there is nothing in the act of Congress of March 11, 1902, c. 183, 32 Stat. 64 [U. S. Comp. St. Supp. 1907, p. 158], entitled 'An act to divide the state of Texas into four judicial districts,' or elsewhere in the laws of the United States, requiring suits of this character to be brought against defendants in the division of the district in which they reside. Third. That a fair construction of the act of 1902, creating the Western District of Texas, and providing for the return of process to particular divisions in said districts, shows it to have been the intention of the lawmakers and the real meaning of the law to be that process might be issued in any division of said Western District of Texas, returnable to any other division thereof, and that the utmost privilege to which defendant in this cause is entitled under the law is to have this cause transferred and tried in the San Antonio Division, and it was error in the court to dismiss the cause." Whereupon the court, after fully considering said motion for a rehearing, and being of the opinion that, though the jurisdiction of this court is coextensive with the territorial limits of the Western District of Texas, this suit should have been filed at the San Antonio Division of the court, and that the question is rather one of personal privilege and practice and not strictly a jurisdictional question. To which action of the court, the plaintiff then and there in open court excepted.

On August 5, 1907, plaintiffs filed their assignment of errors, and their petition for a writ of error. The errors assigned in this writ are: (1) The court erred in sustaining the plea of personal privilege filed by the defendant herein and in dismissing this cause on the ground that though the court had jurisdiction it would not entertain it, the judge being of the opinion that it would have been better practice and better comport with his ideas of the personal privilege of defendant to require this suit to be filed at the San Antonio Division instead of Waco, the defendant being an inhabitant of Bexar county. Because the court had never heretofore adopted or promulgated any such rule. (2) Because this suit was brought in accordance with the long-established practice at Waco, while Waco was in the Northern District, and in accordance with the rules of practice still in force in other districts of Texas. (3) Because the court could not limit or curtail its jurisdiction by rules of its own.

Richard I. Munroe, for plaintiffs in error.
Chas. W. Ogden and S. J. Brooks, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). In the Circuit Court of the United States for the Western District, an action at law is commenced by petition filed in the office of the clerk. See article 1177, Rev. St. Tex., 1895. The statutes of the United States are silent as to any particular place in that district for the clerk's office to be located except the provision in the act of June 3, 1884, c. 64, 23 Stat. 36 [U. S. Comp. St. 1901, p. 428], "that there shall be appointed in the manner provided by law a deputy clerk who shall keep his office in the city of El Paso," and except the provision in Act June 9, 1906, c. 3063, 34 Stat. 226 [U. S. Comp. St. Supp. 1907, p. 169], that the clerk of the Circuit Court shall maintain an office at Del Rio to be kept open at all times for transaction of business. As a matter of fact, the clerk, under the approval if not actual order of the court, keeps and maintains an office in the principal place in the district.

where the court is held, and keeps an approved deputy in each of the other places in the district in which the court is held, but there is only one circuit court in the district and only one clerk of that court.

It follows that the plaintiffs properly commenced their suit by filing their petition with the clerk. After the suit was commenced it was the privilege of the defendant to have the process made returnable at San Antonio, that being the place fixed by law for the return of process issued against the defendants residing in Bexar county. Act March 11, 1902, c. 183, § 9, 32 Stat. 87 [U. S. Comp. St. Supp. 1907, p. 162]. The defendant could have waived this privilege, and the jurisdiction to proceed with the case would have been unquestionable, but, as he insisted upon it, the court properly allowed it. On allowance of the privilege sufficient relief would have been furnished by quashing the process with costs, and directing other and legal process issued, and we doubt whether, without some further putting the plaintiffs in default, the court was justified in going further and peremptorily dismissing the suit.

In 1883 a similar case arose in the Circuit Court for the Northern District of Texas under Act Feb. 24, 1879, c. 97, 20 Stat. 318 [U. S. Comp. St. 1901, p. 422], and was heard before the Circuit and District Judges sitting together. The court held that the question involved related only to defective process, and was not jurisdictional, therefore the suit should not be dismissed, but be transferred to the proper division for return of process and for trial. This case is not reported, but the writer hereof well recollects the case and the protracted and elaborate argument therein, and, as Judge McCormick was a member of the court and concurred in the decision, we think it a sufficient precedent, in connection with the reasoning in this present case, to warrant us in resolving the above-mentioned doubt in plaintiff's favor.

There is a jurisdictional question, however, arising on the face of the record which seems to be fatal to the plaintiffs' right to maintain this suit, unless proper amendment be made. In the plaintiffs' original petition it is alleged that all of them reside in the Republic of Mexico, but we find no averment in the record that they are citizens of the Republic of Mexico. The recital in the motion for a rehearing "that it appears on the face of the defendant's pleadings that" the plaintiff "is a resident citizen of the Republic of Mexico," even if true in fact, did not cure the defect. The plaintiff referred to and described therein was the liquidating committee of the International Bank & Trust Company of America, and not the individuals who are the real plaintiffs in the suit. The jurisdiction of the court depends upon diverse citizenship, and it should be affirmatively shown in the record. See Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057, and Stuart v. Easton, 156 U. S. 46, 15 Sup. Ct. 268, 39 L. Ed. 341, and cases there cited.

The judgment of the Circuit Court is reversed, and the cause is remanded, with instructions to dismiss the suit for want of jurisdiction unless the plaintiffs shall in reasonable time make proper amendment showing jurisdiction, in which case an order quashing process and

directing legal process should be made, and the case otherwise proceeded with according to law. The costs of this court to be paid by the plaintiffs in error.