## J. J. McCASKILL CO. v. DICKSON.

(Circuit Court of Appeals, Fifth Circuit.   March 24, 1908.)

### No. 1,690.

1. COURTS—FEDERAL—JURISDICTION—DIVERSE CITIZENSHIP—PLEADING—SUFFICIENCY.

A pleading averring that plaintiff's assignor was a corporation, with its principal office in Florida, and that defendant resided in Alabama, insufficiently shows the citizenship of the assignor and of defendant, and hence is insufficient to show jurisdiction in the federal Circuit Court on the ground of diverse citizenship.

[Ed. Note.—For cases in point, see Cent. Dig. vol 13, Courts, §§ 876–881.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. WRIT OF ERROR—DISPOSITION OF CAUSE.

In a suit on an assigned contract, no objection was made in the federal Circuit Court, nor on writ of error in the Circuit Court of Appeals, to the fact that defendant's citizenship was not shown, but objection was made to the fact that it did not appear that the suit might have been prosecuted in the Circuit Court on the contract, if no assignment had been made; and, a general demurrer being sustained, plaintiff refused to further amend. *Held*, that the Circuit Court of Appeals is bound to affirm the judgment of dismissal for want of jurisdiction in the Circuit Court.

In Error to the Circuit Court of the United States for the Northern District of Florida.

Wm. W. Flournoy, for plaintiff in error.

E. C. Maxwell and L. J. Reeves, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The plaintiff in error (plaintiff below) brought this suit by attachment and as assignee of a contract for the delivery of logs. The jurisdictional averments are that the plaintiff and assignee, the J. J. McCaskill Company, is a corporation duly incorporated under the laws of the state of Florida; that its assignor, the W. S. Keyser Company, is a corporation with its principal office in the city of Pensacola, Fla.; and that the defendant, Dickson, resides beyond the limits of the state of Florida, within the state of Alabama. In Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160, it is said:

"It is equally well established that, when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal, and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Martin v. Baltimore & Ohio R. Co., 151 U. S. 673, 689, 14 Sup. Ct. 533, 38 L. Ed. 311; Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 98, 18 Sup. Ct. 264, 42 L. Ed. 673. As late as in Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 63, 24 Sup. Ct. 598, 601, 48 L. Ed. 870, we said, both parties insisting upon the jurisdiction of the Circuit Court: 'Consent of the parties can never confer jurisdiction upon a federal court. If the record does not affirmatively show jurisdiction in the Circuit Court, we must, upon our own motion, so declare, and make such order as will prevent that court from exercising an authority not conferred upon it by statute.' "

The same case and others there cited show, as given in the text-books (see Moon on Removal of Causes; Carter on Jurisdiction Fed. Courts), and as expressly held by this court in Knight v. Lutcher & Moore Lumber Co., 136 Fed. 404, 69 C. C. A. 248, that for jurisdictional purposes in the United States courts the proper way to show the citizenship of a corporation is to aver it to have been duly created under the laws of the state of its origin. If any jurisdictional question is well settled, it is that the citizenship of a party for jurisdictional purposes is not sufficiently shown by averring his residence merely. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057. Cases to this effect in the Supreme Court, the Circuit Courts of Appeals, and the Circuit Courts are multitudinous.

From this it clearly appears that the jurisdiction of the Circuit Court in this case is not shown by the record, either as to the citizenship of the defendant or sufficiently that the assignor of the contract through diverse citizenship or otherwise could have maintained an action in the United States Circuit Court to enforce the contract if no assignment had been made. That the latter was necessary, see New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764.

159 F.—45

No objection was made in the Circuit Court (or here, either, for that matter) that the citizenship of Dickson was not shown by the record; but objection was urged that it did not appear that the suit might have been prosecuted in the Circuit Court to recover on the contract if no assignment had been made, and when a general demurrer was sustained the plaintiff refused to further amend.

This leaves this court with no alternative, and we must affirm the judgment of dismissal for want of jurisdiction in the Circuit Court; and it is so ordered.