NEWCOMB et al. v. BURBANK et al.

(Circuit Court of Appeals, Second Circuit.   June 14, 1910.)

No. 228.

1. COURTS (§ 279*)—FEDERAL COURTS—JURISDICTION—RECORD.
   Since federal courts exercise but a limited jurisdiction, conferred by the federal Constitution and laws; there is no presumption in favor of their jurisdiction which must affirmatively appear of record.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816, 817;   Dec. Dig. § 279.*]

2. COURTS (§ 280*)—FEDERAL COURTS—JURISDICTION—DISMISSAL.
   It is the duty of a federal court to dismiss of its own motion, if jurisdiction does not affirmatively appear.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816, 818;   Dec. Dig. § 280.*]

3. APPEAL AND ERROR (§ 1166*)—FEDERAL APPELLATE COURT—WANT OF JURISDICTION OF COURT BELOW—REVERSAL.
   Where, on appeal to a federal appellate court, jurisdiction of the court below does not affirmatively appear, it is incumbent on the court of its own motion to reverse, without reviewing the merits.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4527–4530;   Dec. Dig. § 1166.*
   Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6;   United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

4. COURTS (§ 322*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP—DOMICILE.
   Where, in an action in which federal jurisdiction depended solely on diversity of citizenship, there was nothing in the record to show that either plaintiff or defendant was a citizen of any state, but the complaint alleged that plaintiffs were residents and inhabitants of Kentucky, but did not state the residence of the defendants, and there was nothing to show the domicile of the parties, as distinguished from residence, jurisdiction was not shown.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–878;   Dec. Dig. § 322.*]

5. COURTS (§ 356*)—REVERSAL—REMAND—AMENDMENT.
   Where, on a writ of error, the record failed to show federal jurisdiction, necessitating a reversal, plaintiff, on remand, might be permitted in the trial court to amend, so as to correct the defect.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 356.*]

6. COSTS (§ 238*)—COSTS ON APPEAL—REVERSAL—JURISDICTIONAL DEFECT.
   Where the record on a writ of error failed to show federal jurisdiction, necessitating a reversal, but defendants in error did not raise the jurisdictional question, either in the trial court or in the Circuit Court of Appeals, the judgment would be reversed without costs of the appeal, and in the absence of amendment in the Circuit Court the cause would be dismissed without costs in that court.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 912;   Dec. Dig. § 238.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Caleb A. Burbank and another, individually and as executors, etc., against David B. Newcomb and Mary E. Newcomb, as executors, etc. Judgment for plaintiffs, and defendants bring error. Reversed, with instructions.

See, also, 146 Fed. 400; 159 Fed. 568, 569.

F. B. Woodruff, for plaintiffs in error.

E. D. Hawkins, for defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The courts of the United States exercise only the limited jurisdiction conferred upon them by the federal Constitution and laws. There is no presumption in favor of their jurisdiction. On the contrary, the rule is inflexible that the facts upon which jurisdiction depends must appear affirmatively upon the record. If they do not so appear, it is the duty of every court of the United States of its own volition to deny its own jurisdiction. And it is incumbent upon an appellate tribunal to go further and deny the jurisdiction of the court whose acts it is reviewing, unless the jurisdiction of that court is affirmatively shown. As said by Mr. Justice Matthews in Mansfield, etc., R. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer of itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

See, also, Bors v. Preston, 111 U. S. 252, 4 Sup. Ct. 407, 28 L. Ed. 419; Grace v. American Central Ins. Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932; Puget Sound Navigation Co. v. Lavendar, 156 Fed. 361, 84 C. C. A. 259.

Turning, now, to the present record, we find an action of which the Circuit Court had jurisdiction only in case the parties plaintiff and defendant were citizens of different states. Jurisdiction was wholly dependent upon diverse citizenship being affirmatively shown. And yet it is not alleged in the record from beginning to end that any party to the suit was a citizen of any state. The complaint alleges that the plaintiffs were residents and inhabitants of the state of Kentucky, but fails to state even the residence of the defendants. All that appears concerning them is the admission of their counsel at the opening of the trial that at the commencement of the action they were residents of the city of New York. It is impossible to find by looking through the whole record for the purpose of curing the defective averment even diverse domicile—as distinguished from residence—from which diverse citizenship might as a matter of law be inferred. Sun Printing, etc., Co. v. Edwards, 194 U. S. 377, 24 Sup. Ct. 696, 48 L. Ed. 1027.

But allegations of residence are not allegations of citizenship. A person may be a resident of a state of which he is not a citizen. That such allegations are wholly insufficient to show jurisdiction in the Circuit Court based upon diverse citizenship has been repeatedly decided. Mexican Central R. R. Co. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47

L. Ed. 715; Wolfe v. Hartford Life, etc., Co., 148 U. S. 389, 13 Sup. Ct. 602, 37 L. Ed. 493; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 874, 30 L. Ed. 914; East Tennessee, etc., R. Co. v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382; Grace v. American Central Ins. Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932; Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; McCaskill v. Dickson, 159 Fed. 704, 86 C. C. A. 572; International Bank, etc., Co. v. Scott, 159 Fed. 58, 86 C. C. A. 248; Crosby v. Cuba R. Co. (C. C.) 158 Fed. 144; Koike v. Atchison, etc., R. Co. (C. C.) 157 Fed. 623; Stockwell v. Boston, etc., R. Co. (C. C.) 131 Fed. 152; Tug River Coal, etc., Co. v. Brigel, 67 Fed. 625, 14 C. C. A. 577; Pacific Postal Tel. Cable Co. v. Irvine (C. C.) 49 Fed. 113.

In the opinion of a majority of the court, it follows from the application of these well-settled principles that the facts necessary to give jurisdiction to the Circuit Court over this controversy do not appear upon the record, and, consequently, that the cause as it stands must be remanded to that court for dismissal for want of jurisdiction. It is possible, however, that the requisite diversity of citizenship might be shown by amendment to the complaint. Such amendment, of course, could not be made here; but the Circuit Court may allow it, when the case gets back. Mexican Central R. R. Co. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715; East Tennessee, etc., R. Co. v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 874, 30 L. Ed. 914; Tug River Coal & Salt Co. v. Brigel, 67 Fed. 625, 14 C. C. A. 577. See, also, Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Morgan v. Gay, 19 Wall. 81, 22 L. Ed. 100; Puget Sound Nav. Co. v. Lavendar, 156 Fed. 361, 84 C. C. A. 259; Crosby v. Cuba R. Co. (C. C.) 158 Fed. 144; Koike v. Atchison, etc., R. Co. (C. C.) 157 Fed. 623.

With respect to costs: As the original fault rested with the plaintiffs—it being their duty to make the jurisdiction appear—there is much reason why reversal should be at their cost in this court. And yet the defendants did not raise the jurisdictional question in the court below—in which case this writ of error might not have been brought—nor have they raised it in this court. Under all the circumstances, we think that no costs should be allowed to either party in this court, and that if the complaint is not amended it should be dismissed without costs in the Circuit Court.

As it is not certain that there will be a new trial of the cause, and as, in case there is a new trial, the questions raised upon the assignments of error may not arise again or be presented in the same form, we do not feel that any special circumstances exist which call upon us to decide the merits of these questions or depart from the practice indicated as proper by the Supreme Court in Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057:

"Since the record shows no cause of which the Circuit Court had jurisdiction, we do not feel at liberty upon this writ of error to determine any point affecting the merits of the litigation."

See, also, Bors v. Preston, 111 U. S. 252, 4 Sup. Ct. 407, 28 L. Ed. 419; Mansfield, etc., R. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510,

28 L. Ed. 462. Compare Grace v. American Central Ins. Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932.

The judgment of the Circuit Court is reversed, without costs, and the cause is remanded to that court, with instructions to dismiss the complaint for want of jurisdiction, without costs, unless the plaintiffs within a reasonable time obtain from that court leave to amend the complaint, and do amend it so as to present a cause within the juris-diction of that court.