ODHNER v. NORTHERN PAC. RY. CO.

(Circuit Court, S. D. New York. November 11, 1910.)

REMOVAL OF CAUSES (§ 11*)—FEDERAL COURTS—JURISDICTION—PARTIES.

Plaintiff, an alien residing in New York, sued defendant, a Wisconsin corporation, in the Supreme Court of New York on a cause of action which arose in Minnesota. *Held* that, since plaintiff could not have brought the action originally in the Circuit Court for the Southern District of New York, defendant was not entitled to remove the cause to such court over plaintiff's objection.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 11.*]

At Law. Action by Victor Odhner against the Northern Pacific Railway Company. Motion to remand. Granted.

Robert H. Griffin, for plaintiff.

Stetson, Jennings & Russell, for defendant.

COXE, Circuit Judge. This action was brought in the Supreme Court of the state of New York, the venue being laid in the county of New York.

The defendant removed it to this court on the ground of diversity of citizenship. The plaintiff moves to remand. The plaintiff resides in New York, but is an alien and a subject of the King of Sweden. The defendant is a Wisconsin corporation.

The action is to recover damages alleged to have been sustained by the plaintiff at Minneapolis, Minnesota. We have, then, in the Southern District of New York, an action brought by an alien against a Wisconsin corporation upon a cause of action which arose in Minnesota.

The defendant concedes as follows:

"It follows, therefore, that while the alien plaintiff in the present suit could not originally have brought and maintained this suit in this court against the objection of the citizen defendant, nevertheless such right of the defendant to object was a personal privilege which might be waived by the defendant, and was in fact waived by removing the cause to this court."

But the plaintiff has waived none of his rights and has never consented to present his controversy to this court.

Has this court jurisdiction? In ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, the Supreme Court in December, 1906 granted a writ of mandamus directing the Circuit Court to remand to the state court an action brought therein by a citizen of another state against a non-resident defendant who was a citizen of a state other than that of the plaintiff. The cause was elaborately argued and the Chief Justice delivered a carefully prepared opinion dealing with all the questions involved. He says, inter alia,

"And it is settled that no suit is removable under section 2 [Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 509)] unless it be one that plaintiff could have brought originally in the circuit court. * * * In the present case neither of the parties was a citizen of the state of Missouri, in which state the suit was brought, and, therefore, it could not have been brought in the circuit court in the first instance. * * * When, then,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Beardsley filed his petition for removal, he sought affirmative relief in another district than his own. But plaintiff, in resisting the application and moving to remand denied the jurisdiction of the circuit court.   *   *   *   Our conclusion is that the case should have been remanded, and as the circuit court had no jurisdiction to proceed, that mandamus is the proper remedy."

In the Matter of Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, Mr. Justice Brewer adopts the syllabus of the Wisner Case as a concise statement of the conclusion of the court and says:

"It was held in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, that: 'Under sections 1, 2, 3 of the act of March 3, 1875, c. 137, 18 Stat. 470, 471, as amended by the act of March 1, 1887, c. 373, § 1, 24 Stat. 552, 553, corrected by the act of August 13, 1888, c. 866, § 1, 25 Stat. 433–435 [U. S. Comp. St. 1901, pp. 508–510] an action commenced in a state court, by a citizen of another state, against a nonresident defendant, who is a citizen of a state other than that of the plaintiff, cannot be removed by the defendant into the Circuit Court of the United States.'   *   *   *   But in that case the plaintiff never consented to accept the jurisdiction of the United States court, while in this case it is contended that both parties did so consent, and that therefore the decision in that case is not controlling."

The court then holds that both parties did consent, the defendant by filing a petition for removal, and the plaintiff by filing an amended petition in the United States Circuit Court and giving time, by stipulation, to the defendant to answer.

I cannot avoid the conclusion that the Wisner decision disposes of the case at bar. The only important distinction upon the facts is that the plaintiff in the Wisner Case was a citizen and in this case he is an alien—a fact which certainly does not help the contention that this court has jurisdiction.

In the Matter of Tobin, 214 U. S. 508, 29 Sup. Ct. 702, 53 L. Ed. 1061, the Supreme Court, in May, 1909, denied a motion for leave to file a petition for a mandamus directing the circuit court to remand a cause to the state court, the plaintiff being an alien and the defendant a New Jersey corporation. The defendant removed the cause to the United States Circuit Court for the District of Minnesota and the plaintiff moved to remand to the state court, which was denied.

The writ was refused by the Supreme Court without a word of comment. What reason operated upon the mind of the court can only be conjectured. The facts, as in the Wisner Case, are similar to those in the case at bar. But we must assume that the court was thoroughly familiar with the facts in the Wisner Case and that had they intended to overrule it they would have given their reasons at length. It is inconceivable that upon such an important question they would have made so radical a decision without a word of explanation.

The decisions of the circuit courts are diametrically opposed to each other on this question. The view of the law which I am inclined to think is the correct one is clearly stated in Mahopoulus v. Chicago R. R. Co. (C. C.) 167 Fed. 165. It may be conceded that a question which has provoked so much discussion and upon which the courts are divided is not free from doubt. In such circumstances, however, the safer course is to leave the controversy in a tribunal regarding whose jurisdiction there can be no question. I cannot believe that it was the intention of Congress to require this court to take cognizance of

an action between an alien and a Wisconsin corporation. If the plaintiff were a citizen of New York the defendant might, at least theoretically, have some cause to apprehend that local influences might favor the citizen, but surely a domestic corporation has nothing to dread from an alien in this regard. In other words, the reasons which induced the removal act are wholly inapplicable to the case in hand. Again, there can be no doubt as to the jurisdiction of the state court, there is doubt as to the jurisdiction of the Circuit Court and to retain the cause here may lead to the unfortunate result illustrated by Newcomb v. Burbank, 181 Fed. 334, 104 C. C. A. 164, and cases cited.

The motion to remand is granted.