## JACKSON v. HOOPER.

(Circuit Court, S. D. New York. January 4, 1911.)

REMOVAL OF CAUSES (§ 11*)—JURISDICTION—FEDERAL COURTS—RESIDENCE.

Plaintiff, a citizen of Massachusetts, sued defendant, a citizen of New York, in the New York Supreme Court, whereupon defendant removed the suit to the Circuit Court for the Southern District of New York. *Held* that, since neither plaintiff nor defendant had a residence in the United States, both being residents of England, the jurisdiction of the Circuit Court was doubtful, and hence the case would be remanded to the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

In Equity. Bill by Walter Montgomery Jackson against Horace Everett Hooper. On motion to remand to state court. Granted.

Joseph H. Choate, Jr., for plaintiff.

Samuel Untermyer (Abraham Benedict, on the brief), for defendant.

COXE, Circuit Judge. This action is based upon an alleged agreement between the parties. The relief demanded is—First, for specific performance. Second, for an injunction in the meantime. Third, that the defendant return certain sums of money which it is alleged he has received. Fourth, that if specific performance be not decreed the defendant pay to the plaintiff $1,250,000 as damages.

The action was commenced October 3, 1910, in the Supreme Court of the state of New York by service of the summons upon the defendant within the state. The defendant appeared and the complaint was served upon his attorney November 9, 1910. An answer has not as yet been interposed.

The action was removed to this court by the defendant upon the ground that the amount in dispute exceeds the sum of $2,000 and that the controversy is wholly between citizens of different states, the plaintiff being a citizen of Massachusetts and the defendant a citizen of New York. The plaintiff now moves to remand on the ground that this court has no jurisdiction of the action. It appears that at the time the action was commenced and long prior thereto, both parties were residents of England.

We have, then, an action in the Circuit Court for the Southern District of New York between a citizen of Massachusetts and a citizen of New York, both of them residing in England and neither having a residence in the United States. The question is—has this court jurisdiction?

It must be conceded that the question of jurisdiction is, at least, doubtful. In such circumstances, the safer course for all parties concerned is to remand the cause to the state court, which unquestionably has jurisdiction. If a citizen of Massachusetts is willing to present his controversy to the courts of New York, a citizen of New York should not complain.

Under section 5 of the act of March 3, 1875, c. 137, 18 Stat. 472 (U. S. Comp. St. 1901, p. 511), it is made the duty of the court to dismiss the cause at any time if it appears that it does not involve a controversy properly within its jurisdiction. The unfortunate results which follow the retention of a cause in a court where the jurisdiction is not clear are well illustrated by the case of Newcomb v. Burbank, 181 Fed. 334, 104 C. C. A. 164, decided by the Circuit Court of Appeals on June 14, 1910, and the case of Rubber Tire Co. v. Ferguson, 183 Fed. 756, decided December 12, 1910.

The case at bar is sui generis because, so far as I am informed, it presents for the first time a controversy where the parties are citizens but neither resides in the United States. The venue could not have been laid either in the district of the residence of the plaintiff or defendant for neither had such a residence. Being citizens of the United States, it may be that the parties could consent to jurisdiction in this court, but there is no pretense that the plaintiff has consented to the jurisdiction; on the contrary, he has protested against it. I think the case is ruled by Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and Matter of Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904. This court has occasion to examine these cases in Odhner v. Northern Pacific Co., 188 Fed. 507, decision filed November 11, 1910.

The motion to remand is granted.