' See, also, 28 F.Supp. 3.

## KATAOKA et al. v. MAY DEPARTMENT STORES CO. et al.

### No. 190-Y.

District Court, S. D. California, Central Division.

Nov. 28, 1939.

Albert E. Coger, of Los Angeles, Cal., for plaintiffs.

Schell & Delamer, of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

Motion of the plaintiff to dismiss the proceedings for lack of jurisdiction.

The Court is of the view that jurisdiction existed to hear the controversy. The Complaint sets forth three causes of action. In the first one no act of negligence is charged against Goddord, the employee. The negligent acts alleged in Paragraph XII are the maintenance of the escalator with the unguarded plates as an attractive nuisance.

There is no allegation that Goddord had any duties with relation to the escalator. Under the circumstances, the acts of negligence are chargeable to the May Company only. That Company has, therefore, a separable controversy with the plaintiff, separate and apart from the controversy in the second count between itself, Goddord and the plaintiff. Pullman Company et al. v. Jenkins et al., 1939, 305 U.S. 534, 59 S. Ct. 347, 83 L.Ed. 334.

See also Barney v. Latham, 1881, 103 U. S. 205, 26 L.Ed. 514; Nichols v. Chesapeake & Ohio R. Co., 6 Cir., 1912, 195 F. 913, 915; Culp v. Baldwin, 8 Cir., 1937, 87 F.2d 679.

The second count realleges the facts contained in the first eleven paragraphs of

the first count, excluding the charge of negligence. [Par. XII.]

In lieu of it, it alleges acts by Goddord in negligently attempting to stop the escalator for which he is liable as a joint tort feasor and for which the defendant May Company is liable by the doctrine of respondeat superior. Separate claims for damages, each amounting to fifteen thousand dollars, are contained in separate paragraphs of the prayer.

The third cause of action is merely incidental,—it seeking to recover medical expenditures by the father.

The plaintiff, having invoked the jurisdiction of the court, and his Complaint showing one cause of action which, under all circumstances, was within the cognizance of this court, he cannot now retrace his steps.

More, nowhere does the residence of Goddord appear. Long after the judgment was rendered and after a motion for new trial had been filed and not pressed, the plaintiff, in an affidavit asserted for the first time that Goddord was a citizen of California, so as to bring in question the existence of diversity of citizenship. Assuming that it is within the power of a plaintiff who, himself, invokes the jurisdiction of a court, after judgment has gone against him to question that jurisdiction, and granting that Goddord's citizenship is as stated, the dismissal of the cause as to both defendants disposed of the controversy under the recent decision of our Circuit Court of Appeals in Western Union Tele. Co. v. Nester, 1939, 9 Cir., 106 F.2d 587.

The motion to dismiss made in open court was followed by a judgment of dismissal, which, as the judgment in the Nester case, decreed that the cause "be and hereby is dismissed" as to all defendants. That judgment still stands. As long as it does, it would be incongruous to grant another motion to dismiss on another ground. The only purpose, of course, would be to save the judgment from the effect of the last clause of Rule 41(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which makes the granting of a motion to dismiss on the ground of failure to show a right to relief, an adjudication on the merits.

The granting of the motion would require, as a condition precedent, that the previous judgment of dismissal be set aside. Then only could a new dismissal, upon a different ground, be entered. By the judgment of dismissal, the action stood dismissed. The finality of that judgment cannot be affected by the fact that the dismissal could have been granted for another reason, or even that it was granted for the wrong reason. See, McCaskill Co. v. Dickson, 5 Cir., 1908, 159 F. 704. We are satisfied from what precedes that the previous judgment of dismissal was properly made in a cause of which this court had jurisdiction. No reason exists for disturbing it.

The motion, will, therefore, be denied.